KENNETH C. BURKHART, JR. AND PRISCILLA BARCLAY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burkhart v. Commissioner
Docket No. 7434-88
United States Tax Court
T.C. Memo 1989-417; 1989 Tax Ct. Memo LEXIS 415; 57 T.C.M. (CCH) 1251; T.C.M. (RIA) 89417; August 14, 1989
Durward J. Gehring, for the petitioners. William I. Miller, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 703 in petitioners' income tax for 1984. Due to a concession by petitioners, the sole issue for decision is whether the basement of the building in which petitioners resided during *417 1984 was part of, or appurtenant to, their "dwelling unit" within the meaning of section 28OA(f)(1). [1]
All of the facts have been stipulated. At the time the petition was filed, petitioners were legal residents of Chicago, Illinois. They filed a joint income tax return for 1984. On August 31, 1981, petitioners purchased a two-story building (building) with a full basement located at 803 South Leavitt, Chicago, Illinois. The building was originally constructed and used as a three-flat apartment building with a separate apartment in the basement and on each of the two upper floors. It was being so used with different tenants in each of the three separate apartments when petitioners purchased the building. The basement had a separate front doorway and separate kitchen, bathroom, and sleeping facilities. The parties have agreed that, when the building was used as a three-flat apartment building, the basement constituted a "dwelling unit" separate from the two *418 other apartments in the building within the meaning of section 280A(f)(1). Following petitioners' purchase of the building, petitioners converted the upper two floors of the building into a single residence for their use. Petitioners converted the basement to a studio and darkroom (studio) for use by petitioner Kenneth Burkhart in his trade or business of professional photography. As part of the conversion, petitioners removed the kitchen, sleeping and bathroom facilities from the basement. The upper two floors and the basement were used as petitioners' residence and a studio, respectively, during all of 1984. After the renovation, the only entrance to the basement was from the first floor of the residence. The separate front doorway to the basement was blocked off when petitioners converted the basement into a studio. All the expenses for the basement and the upper two floors of the building, including taxes, utilities, interest, and insurance, were included in common bills. In 1984, petitioner Kenneth Burkhart used the basement of the building exclusively and regularly as the principal place of business for his photography activity. He had gross income of $ 675.00 and ordinary *419 and necessary business expenses of $ 3,770.26 for the year. Those expenses related to his business use of the basement of the building and have been substantiated. The $ 3,770.26 of expenses includes $ 2,196.22 of mortgage interest and $ 74.16 of real estate taxes on the building. Section 280A(a) provides that, with certain exceptions, "no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." An exception is made for such items as taxes and interest which are allowable without regard to the business or income-producing use of the dwelling unit. Sec. 208A(b). Another exception is made for expenses allowable with respect to a "portion" of the taxpayer's dwelling which is used exclusively on a regular basis during the taxable year as the taxpayer's principal place of business. Sec. 208A(c)(1)(A). Section 208A(c)(5), however, limits the deduction for the taxable year under this latter exception to the excess of the gross income derived from the business use of such portion of the dwelling unit over otherwise allowable deductions which are allocable to that *420 portion of the dwelling unit. [2]Gestrich v. Commissioner, 74 T.C. 525, 530 (1980), affd. without published opinion 681 F.2d 805 (3d Cir. 1982). Section 280A(f)(1)(A) defines as follows the term "dwelling unit" as used in those provisions: (f) Definitions and Special Rules. -- (1) Dwelling unit defined. -- For purposes of this section -- (A) In general. -- The term "dwelling unit" includes a house, apartment, condominium, mobile home, boat, or similar property , and all structures or other property appurtenant to such dwelling unit. *421 In the notice of deficiency for 1984, respondent made the following determination: It is determined that the claimed home office expense in the amount of $ 3770.26 (consisting of Schedule C Depreciation of $ 1137.20; Interest of $ 2196.22; Taxes of $ 74.16; Utilities of $ 362.58) is not allowable under IRC Section 280A because the home office deduction shall not exceed the gross income from the activity reduced by the allocable portion of deductions that are allowable. Your gross income from the activity was $ 675.00, and you have been allowed a deduction in that amount. Respondent allowed petitioners deductions for interest of $ 1,517.22 and for taxes of $ 74.16 under other Code sections. Sec. 280A(b). In their briefs, the parties agree that, if section 280A(c)(5) applies, the disputed deductions were properly disallowed and, if section 280A(c) (5) does not apply, the deductions are allowable in full. We hold for the respondent. Before petitioners reconstructed the building, it was a single structure containing three separate apartments. Each apartment was a section 280A(f)(1) dwelling unit with basic living accommodations. Had petitioners *422 maintained the three apartments as such and used one of them for their photography business without restructuring the building, petitioners' position would be more plausible. As a result of the restructuring of the building prior to the year in issue, however, the three apartments were converted into a single unified structure. This conversion was achieved by renovating the upper two floors of the building into petitioners' living quarters and changing the relationship of the basement to the living quarters. Scott v. Commissioner, 84 T.C. 683, 686-688 (1985). The basement was no longer a separate unit. The basement became both a physical and functional part of the building. The removal of the kitchen, bathroom, and sleeping facilities ended the basement's status as a separate section 280A(f) (1) apartment. The closing of the basement's outside entrance made the use of the basement dependent upon access to and from the upper floors. The costs of maintaining the basement in terms of taxes, interest, utilities and insurance were integrated with the costs of maintaining the rest of the building. The basement became part and parcel -- a "portion," in the language *423 of section 280A(c)(1) and (5) -- of petitioners' dwelling unit. The upper floors and the basement became a section 280A(f) (1) "house," similar to millions of other family homes with two upper floors and a basement. We do not think the facts that the building was divided into three separate apartments before 1984 and that the basement was never used by petitioners for residential purposes are relevant to the issue here presented. Section 280A(a) denies deductions, with stated exceptions, with respect to the use of a dwelling unit which is used by the taxpayer "during the taxable year as a residence." The section 280A(c)(1)(A) exception with respect to the use of a "portion" of the dwelling unit exclusively and regularly as the taxpayer's principal place of business is also keyed to the taxable year. As noted above, the section 280A(c)(5) limitation on deductions allowable with respect to a portion of a dwelling unit is cast in terms of the deductions allowable "for the taxable year." The focus of these provisions is not on the history of the use of the dwelling unit or a portion thereof but on its use during the taxable year. There is simply no merit in petitioner's contention that, *424 because the basement was converted from a separate apartment to a studio, it never became part of petitioners' dwelling unit. The basement became a part of the dwelling unit as a result of the restructuring of the building. Petitioners contend that section 280A was only intended to cover the use of a single room in a house, not the use of a separate floor in a building. In support of this argument, petitioners point to a portion of the legislative history which explains the law prior to the enactment of section 280A and note that all cases cited in the committee report involved the use of a single room in a residence (typically a den or library), not a separate floor. S. Rept. No. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 182-183; H. Rept. No. 94-658 (1975), 1976-3 C.B. (Vol. 2) 695, 848-849. The repeated references in section 280A(c)(1) and (5) to a "portion" of a dwelling unit without any language restricting the references to a single room are not compatible with petitioners' argument. The cases cited in the legislative history were used simply to explain certain points of past law and were not intended to limit the term "dwelling unit" to include only *425 the particular fact patterns set forth in those cases. The legislative history which specifically discusses the meaning of the term "dwelling unit" repeats and explains the statutory language set forth above and does not contain even a suggestion that it should be given petitioners' limited reading. S. Rept. No. 94-938 (1976), 1976-3 C.B. (Vol. 3) 51, 192; H. Rept. No. 94-658 (1975), 1976-3 C.B. (Vol. 2) 695, 858. Further, the cited legislative history of section 280A shows that Congress was of the view that the previously applied section 162(a) "appropriate and helpful" test led to abuses. Expenses otherwise considered nondeductible personal, living and family expenses could be converted into deductible business expenses because, under the facts of a particular case, a taxpayer found it appropriate and helpful to perform some portion of his business in his personal residence. Baie v. Commissioner, 74 T.C. 105, 109 (1980); S. Rept. No. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 185. Deductions for the use of a basement or one floor of a house are subject to the same kind of abuse as a single room. Because petitioners' basement *426 was a part of their dwelling unit, their deductions attributable to its business use are subject to the section 280A(c) (5) limitation. We need not consider the parties' further arguments over whether the basement was "appurtenant" to petitioners' dwelling unit under section 280A(b) (1). Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The text of section 280A(a), (b), (c)(1) and (5) is as follows: (a) General Rule. -- Except as otherwise provided in this section, in the case of a taxpayer who is an individual or an electing small business corporation, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. (b) Exception for Interest, Taxes, Casualty Losses, Etc. -- Subsection (a) shall not apply to any deduction allowable to the taxpayer without regard to its connection with his trade or business (or with his income-producing activity). (c) Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use. -- (1) Certain business use. -- Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis -- (A) [as] the principal place of business for any trade or business of the taxpayer, * * *
(5) Limitation on deductions. -- In the case of a use described in paragraph (1), (2), or (4), and in the case of a use described in paragraph (3) where the dwelling unit is used by the taxpayer during the taxable year as a residence, the deductions allowed under this chapter for the taxable year by reason of being attributed to such use shall not exceed the excess of -- (A) the gross income derived from such use for the taxable year, over (B) the deductions allocable to such use which are allowable under this chapter for the taxable year whether or not such unit (or portion thereof) was so used.↩