GRACE V. STARR, F.K.A. GRACE V. HENSEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Starr v. Commissioner
Docket No. 15176-93
United States Tax Court
T.C. Memo 1995-190; 1995 Tax Ct. Memo LEXIS 191; 69 T.C.M. (CCH) 2501; T.C.M. (RIA) 95190; April 27, 1995, Filed *191 Decision will be entered for respondent. For petitioner: David K. Pansius. For respondent: Steven Walker. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency in the amount of $ 9,523 and a penalty under section 6662(a) in the amount of $ 1,905 in petitioner's and her former husband's 1989 Federal income tax. After concessions, the issues remaining for decision are (1) whether petitioner is entitled to relief as an innocent spouse under section 6013(e); (2) whether respondent properly determined petitioner's 1989 income tax deficiency; and (3) whether petitioner is liable for a penalty under section 6662(a). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in San Jose, California, at the time the petition was filed. Petitioner and Richard T. Hensel (Hensel) married in 1979; they separated and divorced in 1989. During 1989, petitioner *192 was an art teacher for the Santa Clara County School District. She has an undergraduate degree in art education and a teaching credential, but no postgraduate degree. Hensel was employed as an aviator for the U.S. Naval Reserve and as a stockbroker for the Shearson Lehman Hutton brokerage firm during 1989. The principal cause of petitioner's divorce from Hensel was financial. Hensel began having financial problems when he commenced work as a stockbroker in 1986. In 1989, Hensel incurred losses of approximately $ 74,000 in transactions labeled as "futures", "future options", and "stock options". Petitioner attempted to control Hensel's financial activities by limiting his credit, but her efforts were not successful. In order to pay off Hensel's debts, petitioner borrowed $ 45,000 by refinancing the mortgage on their home in February 1989. This loan remained as an equity line of credit to continue to pay Hensel's debts until June 1989. Petitioner lived a modest lifestyle during 1989 and made no major expenditures or purchases. In 1989, Hensel purchased a computer for petitioner that cost approximately $ 3,000. In late December 1989, petitioner and Hensel took a trip to Miami, *193 Florida, in an attempt to reconcile. This was the only trip the couple took in 1989. Both petitioner and Hensel contributed to household expenses from their respective incomes during 1989. Hensel handled the financial affairs of the household. Hensel never consulted petitioner about, and petitioner had no knowledge of, Hensel's business affairs. During their 10 years of marriage, Hensel was responsible for preparing and filing the couple's tax returns. While they were married, Hensel and petitioner filed joint Federal income tax returns. Hensel was open to discussion of the tax returns with petitioner, but petitioner never questioned Hensel about the returns. Petitioner provided Hensel with her Forms W-2 and her receipts for art supplies and computer items for purposes of preparing their 1989 joint income tax return. At the time their 1989 tax return was filed, petitioner and Hensel were divorced and living apart. Hensel signed petitioner's name to the 1989 tax return, with petitioner's permission. Petitioner never reviewed the 1989 tax return before it was filed. Petitioner first examined the return in September 1994. On their 1989 tax return, petitioner and Hensel reported *194 $ 118,965 of taxable income, $ 39,748 of which represented petitioner's wages, and itemized deductions totaling $ 67,458. In the notice of deficiency, respondent disallowed $ 32,198 of itemized deductions and determined $ 3,676 of unreported income that consisted of Hensel's wages from the U.S. Naval Reserve and of a State income tax refund. With respect to the disallowed deductions on Schedule A, respondent's $ 1,667 disallowance of an expense entitled "Spouse's Comp. Equip." was an item solely attributable to petitioner. With respect to a deduction in the amount of $ 5,945 claimed on Schedule A, petitioner has no knowledge as to this item or whether it is solely attributable to Hensel. OPINION Spouses filing a joint tax return are jointly and severally liable for the tax arising therefrom. Sec. 6013(d). If, however, a taxpayer spouse satisfies the requirements of section 6013(e), he or she is relieved from such joint and several liability. Section 6013(e) provides: (e) Spouse Relieved of Liability in Certain Cases. -- (1) In general. -- Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) *195 on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement, then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement.
In addition, the understatement must exceed a specified percentage of petitioner's adjusted gross income for the preadjustment year. Sec. 6013(e)(4). Petitioner bears the burden of establishing that each of the requirements of section 6013(e) has been satisfied. Rule 142(a); Bokum v. Commissioner, 992 F.2d 1132 (11th Cir. 1993), affg. 94 T.C. 126 (1990); Sonnenborn v. Commissioner, 57 T.C. 373, 381-383 (1971). *196 The parties agree that a joint return was filed by petitioner and Hensel for 1989, that the return contained a substantial understatement of tax, and that this understatement of tax exceeded 25 percent of petitioner's adjusted gross income for the preadjustment year. Remaining in dispute are: (1) Whether petitioner knew or had reason to know that there was a substantial understatement; (2) whether the itemized deductions attributable to Hensel were grossly erroneous items; (3) whether $ 5,945 of itemized deductions was attributable to Hensel; and (4) whether it would be inequitable to hold petitioner liable for the deficiency attributable to the substantial understatement. The record indicates that petitioner did not have actual knowledge of the understatement of tax. She did not review the 1989 tax return until September 1994. Consequently, we need only to determine whether petitioner had "reason to know" of the understatement. The relief-seeking spouse has reason to know of the substantial understatement "if a reasonably prudent taxpayer in her position, at the time she signed the return could be expected to know that the return contained the substantial understatement" or *197 that further investigation was warranted. Price v. Commissioner, 887 F.2d 959, 965 (9th Cir. 1989), revg. an Oral Opinion of this Court; Stevens v. Commissioner, 872 F.2d 1499, 1505 (11th Cir. 1989), affg. T.C. Memo. 1988-63. The test is a subjective one, looking to such factors as the alleged innocent spouse's level of education; his or her involvement in the family's financial affairs; the presence of lavish or unusual expenditures or any large unexplained increases in the family's standard of living; and the culpable spouse's evasiveness and deceit concerning the couple's finances. Price v. Commissioner, supra; Stevens v. Commissioner, supra.
Here, petitioner was an art teacher with no financial background. She had limited involvement in the financial affairs in her marriage with Hensel and no involvement in Hensel's business affairs. Petitioner and Hensel did not have a lavish or unusual lifestyle during 1989, and they experienced no noticeable improvement in their standard of living. These factors support petitioner's *198 contention that she did not know or have reason to know of the substantial understatement on the return. The lack of knowledge requirement, however, also establishes a duty of inquiry on the part of the alleged innocent spouse. Price v. Commissioner, supra; Stevens v. Commissioner, supra.
Petitioner relies on Price to argue that she did not have reason to know of the understatement. Petitioner's reliance on Price is misplaced. In Price, the wife seeking innocent spouse relief reviewed the return and questioned her husband about deductions that she thought were "a bit much." Price v. Commissioner, supra at 961. She agreed to sign the return only after her husband assured her that a reputable certified public accountant had prepared it. In contrast, petitioner admits that she did not review the return and, in fact, permitted her ex-husband to sign her name on the return. Furthermore, unlike the taxpayer's husband in Price, we have no reason to believe that Hensel would have been less than forthright with petitioner had she reviewed the return and questioned *199 him about the unsubstantiated deductions. Petitioner simply did not inquire about the couple's tax returns. Thus, she did not satisfy her duty of inquiry. Petitioner next maintains that she did not have a duty to inquiry because such a duty is imposed only when the alleged innocent spouse is aware of sufficient facts that would lead a reasonably prudent taxpayer in her position to be led to question the legitimacy of a deduction. We are not persuaded, however, that, under the circumstances here, petitioner lacked a duty of inquiry. The cases cited by petitioner in her trial memorandum as illustrations of situations where a duty of inquiry was not imposed upon the alleged innocent spouse are factually distinguishable. In Guth v. Commissioner, 897 F.2d 441 (9th Cir. 1990), affg. T.C. Memo. 1987-522, the relief-seeking spouse's husband had deliberately misled her to believe that he had formed a church for religious, rather than for tax, reasons. He then claimed erroneous charitable deductions on the couple's tax returns, which the wife signed but never reviewed. The Court of Appeals for the Ninth Circuit affirmed this *200 Court's determination that, in light of the wife's limited education, her devotion to her husband, and the husband's deceit, no duty of inquiry was triggered. Hensel never led petitioner to believe that the unsubstantiated deductions on the return in issue here were valid. Petitioner simply chose not to involve herself with the preparation and filing of their tax return. In contrast to the innocent spouse in Guth, petitioner is college educated and was employed at the time the return was filed. As we have said before, innocent spouse relief is designed to protect the innocent, not the intentionally ignorant. Resser v. Commissioner, T.C. Memo. 1994-241; Cohen v. Commissioner, T.C. Memo. 1987-537; Dickey v. Commissioner, T.C. Memo. 1985-478. Petitioner also relies on Pietromonaco v. Commissioner, 3 F.3d 1342 (9th Cir. 1993), revg. T.C. Memo. 1991-361, to argue that she did not have a duty of inquiry. There, despite the wife's failure to review the tax return, the court held that she was entitled to relief as an innocent spouse. *201 The court determined that, even if the wife had reviewed the return, the difference between the reported expenditures and income was not so extraordinary as to lead a reasonably prudent person in her position to be alerted to possible omissions of income. Petitioner's situation, however, was not analogous to that of the wife in Pietromonaco. In Pietromonaco, the wife's highest level of education was high school, and she was completely dependent on her husband for financial support. In contrast, petitioner was college educated, earned her own income, and had an obligation to file a tax return. She chose to satisfy that obligation by filing a joint income tax return with Hensel. After providing Hensel with her tax information, however, petitioner took no steps to verify that the joint return was properly filed. In light of Hensel's financial difficulties and accumulated debts, petitioner's blind reliance on Hensel to complete and file their 1989 joint income tax return was particularly imprudent. Had petitioner examined the return, she would have been alerted to the large, unsubstantiated deductions claimed on the face of the return. The deductions eliminated all tax *202 liability and produced a refund for the couple. A spouse cannot obtain the benefits of innocent spouse protection "by simply turning a blind eye to -- by preferring not to know of -- facts fully disclosed on a return, of such a large nature as would reasonably put such spouse on notice that further inquiry needs to be made". Price v. Commissioner, supra at 965-966 (quoting Levin v. Commissioner, T.C. Memo. 1987-67). If a duty of inquiry arises and is not satisfied by the spouse, then constructive knowledge of the understatement may be imputed to that spouse. Price v. Commissioner, supra.A reasonably prudent taxpayer in petitioner's situation would have been put on notice of the unsubstantiated deductions and, consequently, would have had a duty to inquire about such deductions. Because petitioner has not satisfied the lack of knowledge requirement of section 6013(e)(1)(C), petitioner is not entitled to "innocent spouse" relief. As a result, we need not address whether petitioner satisfies the remaining requirements of section 6013(e). Bokum v. Commissioner, 992 F.2d 1132, 1134 (11th Cir. 1993), *203 affg. 94 T.C. 126 (1990). Accuracy of Deficiency
Petitioner presented no evidence to substantiate or sustain the positions taken on her 1989 joint income tax return, with the exception of respondent's disallowance of $ 1,667 of the depreciation claimed on petitioner's computer equipment. In petitioner's view, she was entitled, pursuant to section 179, to deduct all or a portion of the cost of her computer, which was purchased in 1989. Respondent disallowed this amount because petitioner failed to make a timely section 179 election, but respondent permitted petitioner a depreciation deduction for her computer under section 167. Under section 179, a taxpayer may elect to treat the cost of any section 179 property as a current expense in the year such property is placed in service. Sec. 179(a). The aggregate cost that a taxpayer may deduct under section 179 may not exceed $ 10,000 for any taxable year. Section 179(c) provides that an election must: (A) specify the items of section 179 property to which the election applies and the portion of the cost of each of such items which is to be taken into account under subsection (a), and (B) be *204 made on the taxpayer's return of the tax imposed by this chapter for the taxable year. [Emphasis added.]
Petitioner failed explicitly to elect to deduct as an expense the cost of her computer on her 1989 income tax return. Nevertheless, petitioner argues that, because she and Hensel deducted all of the depreciable property that they had purchased in 1989, and the total amount of these expenses did not exceed the $ 10,000 limitation of section 179, they effectively made a section 179 election on their 1989 return. In petitioner's view, an explicit section 179 election was not necessary because petitioner and Hensel did not need to distinguish between elected and nonelected items. We are not persuaded by petitioner's contentions. Entitlement to the benefits of section 179 is not automatic. It requires an affirmative election be attached to the original return or to a timely filed amended return. Sec. 179(a), (c); LaPoint v. Commissioner, 94 T.C. 733, 735-736 (1990); Rice v. Commissioner, T.C. Memo 1994-204; sec. 1.179-4(a), Income Tax Regs. Petitioner did not make the requisite election; therefore, petitioner *205 is not entitled to section 179 treatment for her computer equipment. Penalty
Respondent determined that petitioner is liable for the accuracy-related penalty under section 6662(a). Section 6662(a) imposes a penalty in the amount of 20 percent of the portion of the underpayment for which there is a substantial understatement of income tax. There is a substantial understatement of income tax if the understatement exceeds the greater of 10 percent of the tax required to be shown for the taxable year or $ 5,000. Sec. 6662(d)(1)(A). Petitioner stipulated that there was a substantial understatement of tax on her 1989 Federal joint income tax return. Petitioner is jointly and severally liable for any tax due on her 1989 joint return, including interest and penalties, unless she is entitled to relief from liability as an innocent spouse. Sec. 6013(d) and (e). Because we have concluded that petitioner is not an innocent spouse under section 6013(e), she is liable for the penalty under section 6662(a) for the substantial understatement of tax on her 1989 joint income tax return. *206 Decision will be entered for respondent.