T.C. Memo. 1997-572


UNITED STATES TAX COURT


DIANE CAMERON HORTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19647-95.                    Filed December 29, 1997.


Diane Cameron Horton, pro se.

<u>Patricia Montero</u> and <u>Laurel M. Robinson</u>, for respondent.


MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3) of the Code, and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the year 1992 in the amount of $1,509, and an

accuracy-related penalty in the amount of $302 pursuant to section 6662(a). A computational adjustment was made.

The Court must decide whether section 280A and the overall limitation set forth in section 280A(c)(5) are applicable to business expense deductions claimed by petitioner in connection with her art/fine art business located in the building where petitioner resided. Respondent has conceded that petitioner is not liable for the penalty under section 6662(a).

Some of the facts have been stipulated and are so found. For clarity and convenience, our findings of fact and opinion have been combined. Petitioner resided in Berkeley, California, when her petition was filed.

On her 1992 Federal income tax return, petitioner reported wages of $25,308 that she earned as a part-time teacher at St. Paul's and at Ecole Bilingue.

On her 1992 return, petitioner also reported a net loss of $6,925 from her art/fine art business. She reported $2,400 in gross receipts from that business on her Schedule C. She subtracted $1,159 as the cost of goods sold and reported gross income of $1,241. She claimed as deductions the following expenses on her Schedule C:

| Expense | Amount |
| --- | --- |
| Car & Truck | $   672 |
| Legal | 185 |
| Office | 80 |
| Rent | 6,740 |
| Repairs & Maintenance | 100 |

| | |
|---|---:|
| Supplies | 68 |
| Utilities | 146 |
| Other-telephone | 45 |
| Other-books/pub | 75 |
| Other-dues | 55 |
| | $8,166 |

Respondent disallowed the $6,740 claimed as a rent expense deduction by petitioner pursuant to section 280A(c)(5).

During 1992, petitioner leased the upper and lower stories of one half of a building located at 2743 Tenth Street, Berkeley, California, for $1,050 per month, or $12,600 per year. For our purposes, we shall ignore the other half of the two-story building and refer to petitioner's premises as "Tenth Street" or "premises". The lease was entitled "Commercial Lease and Deposit Receipt". The lease specifically stated that the premises were to be used for "painting and residence."

The Tenth Street building was located in a manufacturing district and was in a commercially zoned area. There was one address for the premises and one lease for the premises. The rent and utilities were charged and paid as a unit for the premises.

Petitioner and her son resided in the upper level of the premises. She used the lower level for her art/fine art business.

Petitioner contends that she leased the Tenth Street premises for the primary purpose of her art/fine art business. She further argues that section 280A does not apply to her

art/fine art business conducted in one portion of the Tenth Street premises.

Deductions are a matter of legislative grace.  A taxpayer seeking a deduction must be able to show that the taxpayer comes within the express provisions of the statute.  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Petitioner bears the burden of proving that respondent's determination is incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 162(a) generally allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.

Section 280A(a) provides that in the case of a taxpayer who is an individual, no deduction otherwise allowable under Chapter 1 of the Code (relating to normal taxes and surtaxes) shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence.

The term "dwelling unit" includes a house, apartment, condominium, or similar property, and all structures or other property appurtenant to such dwelling unit.  Sec. 280A(f)(1)(A).

Section 280A(c) provides for exceptions to section 280A(a).  In pertinent part, section 280A(c)(1)(A) states that section 280A(a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis as the principal place of business for any trade or business of the taxpayer.

Section 280A(c)(5) provides an overall limitation on the deductions that may be allowed under various sections including section 280A(c)(1)(A). Specifically, section 280A(c)(5) provides that the deductions allowed shall not exceed the excess of the gross income derived from the trade or business use for the taxable year, over the sum of certain deductions allocable to such income (such as interest and taxes).

Petitioner bases her argument on section 17958.11 of Cal. Health and Safety Code (West 1984) (hereinafter referred to as California Law.) California Law provides for the adoption of building regulations for the conversion of commercial or industrial buildings to joint living and work quarters. California Law recognizes that joint living and work quarters means residential occupancy by a family maintaining a common household of one or more floors in a building originally designed for industrial or commercial occupancy, which building includes cooking space and sanitary facilities and adequate working space regularly used by a person residing in that building.

Those provisions of California Law were based on legislative determinations that a substantial number of manufacturing and commercial buildings in urban areas have lost manufacturing and commercial tenants, and that the untenanted portions of such buildings constitute a potential resource capable of accommodating joint living and work quarters which would be physically and economically suitable for use by artists,

artisans, and similarly-situated individuals (artists). It was further found that the public will benefit by making such buildings available for joint living and work quarters for artists because the new use contributes to the revitalization of central city areas, the conversion results in building improvements and rehabilitation, and the cultural life of cities will be enhanced by the residence of large numbers of persons regularly engaged in the arts. Moreover, it was found that artists require larger spaces for the pursuit of their artistic endeavors and for the storage of materials and products than are regularly found in dwellings, the financial remunerations to be obtained from a career in the arts are generally small, artists generally find it financially difficult to maintain quarters for their artistic endeavors separate and apart from their places of residence, high property values and resulting rental costs make it particularly difficult for artists to obtain the space required for their work, and the residential use of such space is accessory to the primary use of such space as a place of work. As stated, this California Law was relied upon by petitioner to support her argument that she should be allowed to deduct her rent expense under section 162(a).

Although we may sympathize with petitioner's argument, such an argument is not dispositive here. "The proper place for a consideration of petitioner's complaint is the halls of Congress,

not here." Hays Corporation v. Commissioner, 40 T.C. 436, 443 (1963), affd. 331 F.2d 422 (7th Cir. 1964).

A review of the legislative history of section 280A indicates that Congress was concerned with alleged use of business space in a residence. In the statute, Congress made no exception for business use in a residence in a building which formerly was used only for commercial purposes.

As to the Tenth Street property, the parties agree that petitioner lived with her son on the top floor. The parties also agree that the lower floor was used exclusively and regularly for petitioner's business. The only point in issue is whether section 280A and the overall limitation of section 280A(c)(5) applies to petitioner's claimed business expenses because of her joint use of the premises for living and business purposes. Respondent states that respondent has found no legal authority making a distinction where the building was zoned for commercial use. Nor have we.

On the other hand, the Senate Finance Committee stated in its report, S. Rept. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 186-187, that:

> the committee amendment provides that a deduction will not be disallowed in the case of a taxpayer who, in connection with his trade or business, uses a separate structure which is not attached to his dwelling unit (e.g., an artist's studio in a structure adjacent to but unattached to his residence).

       \*     \*     \*     \*     \*     \*     \*

The committee amendment also provides an overall limitation on the amount of deductions that a taxpayer may take for the business use of the home or separate unattached structure.  The allowable deductions attributable to the use of a residence or separate unattached structure for trade or business purposes may not exceed the amount of the gross income derived from the use of the residence or separate unattached structure for that trade or business reduced by the deductions which are allowed without regard to their connection with the taxpayer's trade or business (e.g., interest and taxes).

The applicable rules are set forth in section 280A(c)(1) and (5). (We note that to the extent deductions are disallowed under these rules, they may be carried forward to the succeeding taxable years subject to certain limitations.  Sec. 280A(c)(5).)

If a separate studio adjacent to an artist's residence is subject to the section 280A(c)(5) overall limitation, it follows that a studio attached to an artist's residence likewise would be subject to the overall limitation.

California Law permitted the conversion of the Tenth Street premises into joint living and work quarters.  The second floor became petitioner's dwelling unit.  Petitioner herself referred to her premises as a live/work unit.  Petitioner used her dwelling unit as a residence.  Because that dwelling unit/ residence was on the second floor, the deductions for her business use of the first floor became subject to section 280A and the overall limitation of section 280A(c)(5).  This case cannot be distinguished from the opinions of this Court in Cunningham v. Commissioner, T.C. Memo. 1996-141, affd. per curiam

without published opinion 110 F.3d 59 (4th Cir. 1997), and
<u>Burkhart v. Commissioner</u>, T.C. Memo. 1989-417.

For the foregoing reasons, we are compelled to sustain respondent's determination.

<u>Decision will be entered</u>

<u>for respondent.</u>