Michael H. VISIN; Natalie Marselly, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 04–71219.

Tax Ct. No. 10149–02.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 11, 2005.

Michael H. Visin, San Francisco, CA, pro se.

R.App. P. 34(a)(2).

Natalie Marselly, San Francisco, CA, pro se.

Charles S. Casazza, Emily Ann Parker, Gary R. Allen, Richard Farber, Karen D. Utiger, Eileen J. O'Connor, Washington, DC, for Respondent–Appellee.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM**

Michael H. Visin, a self-employed artist, and his wife, Natalie Marselly, appeal pro se the Tax Court's post-trial decision disallowing the deduction of certain business expenses for the 1997 and 1998 tax years. We have jurisdiction under 26 U.S.C. § 7482. We review de novo the Tax Court's conclusions of law, *Biehl v. C.I.R.*, 351 F.3d 982, 985 (9th Cir.2003), and we affirm.

The Tax Court correctly held that taxpayers' home office deduction for rent and other expenses was properly limited by the Commissioner, in accordance with Internal Revenue Code ("I.R.C.") § 280A(c)(5), 26 U.S.C. § 280A(c)(5), to the income derived from Mr. Visin's business. *See Horton v. Commissioner*, 74 T.C.M. (CCH) 1480, 1481 (1997).

The Tax Court also correctly held that because taxpayers failed to make a proper election on their 1998 income tax return, they were not entitled to "expense" under I.R.C. § 179 the cost of the computer equipment and software purchased that year. *See Starr v. Commissioner*, 69 T.C.M. (CCH) 2501, 2504 (1995), *aff'd by*

*unpublished opinion*, 99 F.3d 1146 (9th Cir.1996).

Taxpayers' remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

