T.C. Summary Opinion 2007-120

UNITED STATES TAX COURT

MICHAEL AND CALVINETA BYARD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7042-06S.          Filed July 17, 2007.

Michael and Calvineta Byard, pro se.

<u>Ashley F. Giles</u>, for respondent.

COHEN, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.

Respondent determined deficiencies in petitioners' Federal income taxes and penalties for 2003 and 2004 as follows:

| Year | Deficiency | Penalty, Sec. 6662(a) |
|------|------------|------------------------|
| 2003 | $7,684 | $1,536.80 |
| 2004 | 4,451 | 890.20 |

After concessions by petitioners, the sole remaining issue for decision is whether petitioners are entitled to a deduction under section 179 of $24,000 for 2003. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Atlanta, Georgia, at the time that they filed this petition.

During 2003, petitioner husband was employed as a computer analyst, and petitioner wife was employed as a school nurse. Petitioners also had a janitorial cleaning business during that year. Petitioners' Federal income tax returns for 2003 and 2004 were prepared by Joseph L. Wilson (Wilson).

Respondent disallowed various deductions claimed by petitioners on their 2003 and 2004 Federal income tax returns. The only adjustment that petitioners contested was the disallowance of a $24,000 expense deduction claimed on Form 2106, Employee Business Expenses, for 2003. Petitioners' Form 2106 for

2003 lists the employee's name as "Michael Byard" and the occupation in which the expenses were incurred as "Comp Progra". The $24,000 expense deduction at issue was recorded on the 2003 Form 2106 on line 2 entitled "Parking fees, tolls, and transportation, including train, bus, etc., that did not involve overnight travel or commuting to and from work".

On Schedule C, Profit or Loss From Business, of their Form 1040, U.S. Individual Income Tax Return, petitioners listed both their names under business proprietor and stated their principal business as a "Janitorial Cleaning Service". Petitioners reported $9,864 in gross receipts on their Schedule C and $20,344 in total expenses, resulting in a net loss of $10,480. Line 13, entitled "Depreciation and section 179 expense deduction", of their Schedule C has no entry. On line 9, entitled "Car and truck expenses", of that same form, petitioners claimed a deduction of $5,054.

### Discussion

The issue in this case is whether petitioners made a valid section 179 election to deduct $24,000 of the cost of a sport-utility vehicle (SUV) purchased in 2003 and used in their part-time janitorial cleaning business. Petitioners argue that the $24,000 expense deduction claimed on Form 2106 was placed on the wrong form, was related to the purchase of the SUV allegedly used 100 percent in the cleaning business, and that their intent was

to claim a depreciation deduction for the cost of the SUV in the maximum amount allowed under section 179. Respondent maintains that petitioners failed to make a valid election as required under section 179 to depreciate the SUV and that the $24,000 expense deduction claimed on the 2003 return should be disallowed because petitioners have not substantiated that expense as an employee business expense.

Under section 179, a taxpayer may elect to treat the cost of certain property used in an active trade or business as a current expense in the year such property is placed in service. Sec. 179(a). The aggregate cost that a taxpayer can deduct under section 179 for 2003 is $25,000. Sec. 179(b). Section 179(c)(1) provides that an election must:

> (A) specify the items of section 179 property to which the election applies and the portion of the cost of each of such items which is to be taken into account under subsection (a), and

> (B) be made on the taxpayer's return of the tax imposed by this chapter for the taxable year.

The benefits of section 179 require an affirmative election to be made on a taxpayer's original return or a timely filed amended return. See Starr v. Commissioner, T.C. Memo. 1995-190, affd. without published opinion 99 F.3d 1146 (9th Cir. 1996).

Petitioners failed to elect explicitly to deduct the cost of their SUV as a section 179 expense on their 2003 return. Although they attached a Schedule C to their return listing their

claimed receipts and expenses from their janitorial cleaning business, petitioners left blank line 13 of that form, entitled "Depreciation and section 179 expense deduction". They did not file with their 2003 return Form 4562, Depreciation and Amortization (Including Information on Listed Property), which the Commissioner has designed for taxpayers wishing to expense, rather than depreciate, qualifying section 179 property. See Visin v. Commissioner, T.C. Memo. 2003-246, affd. 122 Fed. Appx. 363 (9th Cir. 2005).

At trial, petitioners presented a reproduced document that they allege was attached to their original 2003 return. Respondent has no record of receiving the document, and it was not attached to the 2003 return that respondent received from petitioners. The typewritten document bears Wilson's name and contact information and states:

> 2003 Supporting Schedule Form 2106 –
>
> Line 2 $24,000 represents section 179 expense deduction for use of 2003 Yukon in janitorial business. This vehicle replaced truck previously used 100% in business. [Reproduced in its entirety.]

The document does not include petitioners' names, Social Security numbers, or any other form of taxpayer identification. The document does not include the vehicle's original cost. The document appears to be something prepared in response to an audit inquiry, and we are not persuaded that it was a part of the filed return. There was no disclosure regarding the SUV or section 179

on petitioners' Schedule C, and the $24,000 amount was clearly mislabeled on their return.  Petitioners did not make a valid election to expense currently their SUV under section 179.

Petitioners offered no evidence supporting the use of the SUV as an employee business expense of petitioner husband in his computer analyst position.  Rather, they argue that the SUV was not used in his job as computer analyst, but instead was used in petitioners' janitorial business.  Because petitioners have not substantiated the deduction for unreimbursed transportation costs claimed on their return as an employee business expense, the $24,000 deduction claimed cannot be allowed.

We sustain respondent's determination to disallow the $24,000 deduction claimed by petitioners.  To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>