T.C. Summary Opinion 2010-109


UNITED STATES TAX COURT


ASIF HAFEEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17006-09S.                    Filed August 3, 2010.


Asif Hafeez, pro se.

<u>Steven W. Ianacone</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $14,560[1] deficiency in petitioner's 2006 Federal income tax as well as a $4,947.75 addition to tax under section 6651(a)(1) and a $2,912 accuracy-related penalty under section 6662(a). The issues for decision are: (1) Whether petitioner is entitled to certain deductions claimed on Schedule C, Profit or Loss From Business; (2) whether petitioner is liable for the addition to tax under section 6651(a)(1); and (3) whether petitioner is liable for an accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in New Jersey at the time the petition was filed.

Petitioner is a professional driver who worked as an independent contractor for two different car service companies in New York City in 2006. Petitioner worked as an independent contractor for Crestwood Car and Limousine Services, Ltd.

---

[1]Respondent arrived at this amount by subtracting $5,261 as tax shown on the return from $19,821 as total tax as determined by respondent after disallowing selected Schedule C expenses. In fact, the return shows a tax due of $5,231. Respondent has not sought an increase in the deficiency; thus we will treat it as a concession.

(Crestwood), from January through August of 2006 and TriLine Contracting (Triline) from September through December of 2006. Potential clients would contact the respective companies and contract for car services in and around the New York City area. The car service would contact petitioner by telephone and provide an assignment. Petitioner was not permitted to pick up passengers without an assignment. Clients paid the car service a fare which varied because of distance, duration, waiting time, stops, and tolls and parking expenses incurred during the trip. Petitioner was paid each week by the respective car service company. The amount he received depended upon gross fares generated.

When petitioner first began working as a professional driver, he rented or leased a vehicle from the car service company. On December 29, 2005, petitioner purchased a used Lincoln Town Car (town car) for $23,590.30. The town car was white, and Crestwood would permit only black vehicles to be used to carry passengers for the car service. Petitioner was unable to place the town car in service until approximately March 2006 after he had it painted black. Petitioner incurred costs for gasoline, parking, tolls, and parking tickets with respect to the town car.

Petitioner was required to wear a suit whenever he drove the town car for the car service company. The car service company also required petitioner to clean and wash the vehicle regularly. Petitioner cleaned and washed his vehicle frequently, as he understood that a clean vehicle would encourage repeat business and ultimately increase his income. Petitioner was also required to have a cellular telephone available so that the company could reach him to assign him jobs. Occasionally, a client might use his cell phone.

Petitioner hired an accountant to assist in the preparation of the return, the Schedule C, and the Schedule SE, Self Employment Tax. Petitioner filed his 2006 Form 1040, U.S. Individual Income Tax Return, on September 10, 2007.

Petitioner reported gross income of $86,549 and deducted expenses on his 2006 Schedule C as follows:

| | |
|---|---|
| Car and truck expenses | $24,923 |
| Insurance | 7,603 |
| Rent or lease of vehicles | 8,106 |
| Repairs and maintenance | 4,528 |
| Supplies | 1,809 |
| Taxes and licenses | 1,390 |
| Travel | 3,315 |
| Other expenses | 10,281 |

On April 10, 2009, respondent issued a notice of deficiency to petitioner disallowing the following claimed deductions for 2006:  Car and truck expenses of $24,923; rent or lease of vehicle expenses of $8,106; and other expenses (which included the cost of car washes, uniforms and dry cleaning, and cellular telephone services) of $10,281.  Respondent also determined a late-filing addition to tax and an accuracy-related penalty pursuant to sections 6651(a)(1) and 6662(a) respectively.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are a matter of legislative grace.  Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A taxpayer bears the burden of proving entitlement to any deduction claimed.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, supra; Wilson v. Commissioner, T.C. Memo. 2001-139.  A taxpayer is required to maintain records sufficient to substantiate deductions claimed on his or her income tax return.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.  The fact that a taxpayer reports a deduction on the taxpayer's income tax return is not sufficient to substantiate the claimed deduction.  Wilkinson v.

Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974). Rather, an income tax return is merely a statement of the taxpayer's claim; it is not presumed to be correct. Wilkinson v. Commissioner, supra at 639; Roberts v. Commissioner, supra at 837; see also Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957) (a taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the claimed deduction or exclusion); Halle v. Commissioner, 7 T.C. 245 (1946) (a taxpayer's income tax return is not self-proving as to the truth of its contents), affd. 175 F.2d 500 (2d Cir. 1949).

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the substantiation and recordkeeping requirements. See sec. 7491(a)(2)(A) and (B). Petitioner therefore bears the burden of proof. See Rule 142(a).

I.   Schedule C Deductions

The taxpayer bears the burden of proving that he is entitled to the deductions claimed, and this includes the burden of substantiation. Rule 142(a); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). A taxpayer must substantiate amounts claimed as deductions by

maintaining the records necessary to establish he or she is entitled to the deductions. Sec. 6001. Section 162(a) provides a deduction for certain business-related expenses. In order to qualify for the deduction under section 162(a), "an item must (1) be 'paid or incurred during the taxable year,' (2) be for 'carrying on any trade or business,' (3) be an 'expense,' (4) be a 'necessary' expense, and (5) be an 'ordinary' expense." Commissioner v. Lincoln Sav. & Loan Association, 403 U.S. 345, 352 (1971); Deputy v. du Pont, supra at 495 (to qualify as "ordinary", the expense must relate to a transaction "of common or frequent occurrence in the type of business involved"). Whether an expense is ordinary is determined by time, place, and circumstance. Welch v. Helvering, supra at 113-114.

If a taxpayer establishes that he or she paid or incurred a deductible business expense but does not establish the amount of the expense, we may approximate the amount of the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, for the Cohan rule to apply, there must be sufficient evidence in the record to provide a basis for the estimate. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Certain expenses may not be estimated because of the strict substantiation requirements of section

274(d). See sec. 280F(d)(4)(A); <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

The expenses to which section 274(d) applies include, among other things, expenses for listed property (e.g., automobile expenses, cellular telephones, computer equipment, or any property of a type generally used for purposes of entertainment, recreation, or amusement) and travel expenses (including meals and lodging while away from home). Secs. 274(d)(4), 280F(d)(4)(A). To substantiate a deduction attributable to listed property, a taxpayer must maintain adequate records or present corroborative evidence to show the following: (1) The amount of the expense; (2) the time and place of use of the listed property; and (3) the business purpose of the use. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Petitioner provided some documentation for the expenses. We discuss each type of claimed expense in turn.

A. <u>Rent or Lease Expenses</u>

Petitioner claimed $8,196 in rent or lease expenses. This expense appears to relate to the town car purchased in December of 2005. Petitioner used the town car in his capacity as a driver, and petitioner provided the loan agreement and copies of canceled checks to substantiate that he incurred and paid the amount. While the return identified the payments as rent or

lease expenses, the amount claimed represents the repayment of a loan to finance the purchase of the vehicle, not a lease or rent of the vehicle. Thus petitioner is not entitled to a deduction for rental or lease expenses. However, this does not end the matter. The purchase of the vehicle is properly characterized as the purchase of a capital asset subject to depreciation under section 167.

A taxpayer may be entitled to a depreciation deduction for exhaustion, wear, and tear of property used in a trade or business. Sec. 167(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992). Automobiles are 5-year property under section 168(e)(3)(B)(i) and thus should be depreciated over 5 years. Sec. 167(b). Petitioner has provided the bill of sale for purchase of the vehicle which shows petitioner's cost basis in the vehicle as $23,590.30. The applicable convention is the half-year convention, and the applicable method is the 200-percent declining balance method. Sec. 168(b), (d)(1). We leave the calculation of the depreciation amount to the parties.[2]

---

[2]While there may have been an opportunity to expense the cost of the town car under sec. 179, petitioner did not make such an election on his Federal income tax return for 2006 and is therefore not entitled to the benefits of that section. See Visin v. Commissioner, T.C. Memo. 2003-246, affd. 122 Fed. Appx. 363 (9th Cir. 2005); see also sec. 179(c)(1)(B); sec. 1.179-5(a), Income Tax Regs.

B.    <u>Car and Truck Expenses</u>

    1.    <u>In General</u>

Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  Under that provision, an employee or a self-employed individual may deduct the cost of operating an automobile to the extent that it is used in a trade or business.  However, under section 262, no portion of the cost of operating an automobile that is attributable to personal use is deductible.  Ordinary commuting expenses are not deductible. <u>Neal v. Commissioner</u>, 681 F.2d 1157 (9th Cir. 1982), affg. T.C. Memo. 1981-407.

A passenger vehicle is listed property under section 280F(d)(4) subject to strict substantiation under section 274(d). The rule in <u>Cohan</u> does not apply to expenses relating to listed property, which generally includes any passenger automobile. Secs. 274(d)(4), 280F(d)(4)(A)(i); <u>Sanford v. Commissioner</u>, <u>supra</u> at 827-828; <u>Seidel v. Commissioner</u>, T.C. Memo. 2005-67.  However, the term "passenger automobile" does not include any vehicle used by the taxpayer directly in the trade or business of transporting persons for compensation or hire.  Sec. 280F(d)(5)(B)(ii); sec. 1.280F-6(c)(3)(ii), Income Tax Regs.  Therefore the town car that petitioner purchased is not listed property, and the expenses related thereto are subject to the <u>Cohan</u> rule.

2. <u>Gasoline</u>

Petitioner claimed $16,245 in gasoline expenses and submitted bank statements for the entire year with entries reflecting gasoline purchases. The entries reflect debit and credit card purchases as well as expenditures made by check. Petitioner did not provide individual receipts whereby the Court could verify the cost of gasoline that was purchased separate from any nondeductible personal items. Petitioner was required to purchase fuel for his vehicle in order to carry on his trade or business as a driver; and despite his lack of complete records, we found petitioner's testimony to be credible and will allow him a portion of the amount claimed, correcting for the inexactitude which is of his own making. See <u>Cohan v. Commissioner</u>, 39 F.2d at 543-544. We therefore allow 75 percent of the claimed fuel expenses, for a total gasoline expense of $12,183.75.

3. <u>Parking and Tolls</u>

Petitioner also claimed a deduction for amounts expended for parking and tolls. Petitioner did not provide a log and did not provide receipts. He did provide bank statements which show numerous charges for tolls. Petitioner claimed a deduction of $2,920 which represented the cost of tolls to bring his vehicle into New York City for work each day. While this amount might otherwise be a nondeductible commuting expense, the nature of

petitioner's profession requires further analysis.  Petitioner
incurred the additional expense to transport the town car into
New York City in order to carry on his trade or business as a
professional driver.  We are satisfied that the daily toll to
bring the town car into New York City is ordinary and necessary
and thus allowable as an expense.  See Fryer v. Commissioner,
T.C. Memo. 1974-77; see also Fausner v. Commissioner, 413 U.S.
838 (1973).  Petitioner claims he is entitled to a total of
$11,505 for parking and tolls.  Petitioner arrived at this number
by adding the following three amounts:  (1) The daily toll into
New York City, (2) the tolls he incurred with Triline, and (3)
twice the amount of tolls incurred with Crestwood.  Petitioner is
entitled only to expenses incurred and paid and is not entitled
to claim twice that amount to correct a perceived unfairness.
The Court is satisfied that he has shown the actual amount
incurred.  We conclude, therefore, that petitioner is entitled to
$7,661.20[3] for tolls and parking.

    4.  Town Car Painting

    Expenses incurred to maintain property used in a trade or
business in efficient operating condition ordinarily are
deductible.  See sec. 162(a); Jacks v. Commissioner, T.C. Memo.

_____

[3]This represents $2,920 for tolls to get into New York City
for work every day, $3,843.80 in tolls from January through
August 2006 when petitioner worked for Crestwood, and $897.40 in
tolls from September through December of 2006 when petitioner
worked for Triline.

1988-237; Gilles Frozen Custard, Inc. v. Commissioner, T.C. Memo. 1970-73. Likewise, the cost of repairs "which neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition, may be deducted as an expense". Sec. 1.162-4, Income Tax Regs.; see also sec. 1.263(a)-1(b), Income Tax Regs. On the other hand, a capital expenditure permanently improves property and increases its value. Sec. 263. The well-established standard that we must use to evaluate a particular expenditure is as follows:

> A repair is an expenditure for the purpose of keeping the property in an ordinarily efficient operating condition. It does not add to the value of the property, nor does it appreciably prolong its life. It merely keeps the property in an operating condition over its probable useful life for the uses for which it was acquired. Expenditures for that purpose are distinguishable from those for replacements, alterations, improvements or additions which prolong the life of the property, increase its value, or make it adaptable to a different use. * * *

Ill. Merchs. Trust Co. v. Commissioner, 4 B.T.A. 103, 106 (1926); see also INDOPCO, Inc. v. Commissioner, 503 U.S. at 85-88.

As indicated, petitioner purchased a white town car for use in his profession. However, Crestwood required that all vehicles be black. While the expenditure might be both an ordinary and necessary business expenditure, it would appear that the painting added to the value of the vehicle and made it adaptable to a different use. We conclude therefore that the cost of painting the town car is a capital expenditure.

In the case of a capital expenditure, the capitalization rules of section 263 take precedence over the deduction rules of section 162, thereby preventing capital expenditures from being deducted currently under section 162. Sec. 161; Commissioner v. Idaho Power Co., 418 U.S. 1, 17 (1974). Petitioner has not provided a receipt for the exact amount of the cost of painting the vehicle but has provided credible testimony as to the expense. Therefore we allow him one-half of the claimed expense, or $750, which must be capitalized and depreciated over the life of the vehicle.

### 5. Parking Tickets

Petitioner also claimed $690 for parking tickets as a business expense. Such expenses are fines or penalties that are nondeductible, even if related to business. See sec. 162(f).

### C. Other Expenses

On petitioner's 2006 Federal income tax return he claimed $10,281 in "other expenses" comprising car washes, uniforms and dry cleaning, and cell phone expenses.

Petitioner claimed $2,903[4] in expenses for car washes. The Court is satisfied that the claimed car washes were an ordinary

---

[4]Petitioner claimed $2,903 in car wash expenses on his 2006 Federal income tax return. At trial he claimed the actual expense was $2,920. Petitioner explained that, on average, he paid $8 per car wash and that he washed his car at least once a day. The larger amount represents one car wash per day for 365 days.

and necessary expense for a professional driver who relied on the appearance of his vehicle for repeat business.  Petitioner provided bank records which show approximately weekly entries for car wash charges ranging from $5 to approximately $20.  Without other documentary evidence to substantiate more frequent car washes, we approximate that petitioner incurred car wash expenses about once per week at an average cost of $12.50.  Therefore, petitioner is entitled to a car wash business expense of $650.

Section 162 permits a deduction for work clothes or uniforms required as a condition of employment when the clothing is not suitable for general or personal wear and is not worn for general or personal purposes.  Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958).  Petitioner provided bank records and handwritten notations for clothing purchased in 2006.  The type of clothing petitioner purchased for use as a professional driver was suitable for everyday wear.  See Hynes v. Commissioner, 74 T.C. 1266, 1290 (1980).  Petitioner's clothing expenses are nondeductible personal expenses under section 262, as are the expenses incurred for laundering and drycleaning his clothing. See Boltinghouse v. Commissioner, T.C. Memo. 2007-324.

Petitioner claimed $2,961 in expenses for cellular telephone service.  Petitioner claimed to have paid approximately $250 per month for unlimited calling and text messaging as required by the car service company.  Petitioner did not offer any receipts,

bills, or other documentary support for these expenses. Therefore, petitioner has failed to meet the strict substantiation requirements of sections 274(d) and 280F(d)(4)(A)(v) for cellular telephone expenses. Respondent's disallowance of cellular telephone expenses is sustained.

## II. Failure To File Addition to Tax

Section 6651(a)(1) imposes an addition to tax of 5 percent per month of the amount of tax required to be shown on the return, not to exceed 25 percent, for failure to timely file a return. The addition to tax under section 6651(a)(1) is imposed unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect.[5] The record does not establish that petitioner's failure to timely file his 2006 Federal income tax return was due to reasonable cause and not willful neglect. Thus, petitioner is liable for the section 6651(a)(1) addition to tax.[6]

---

[5]Sec. 7491(c) provides that the Commissioner has the burden of production in any Court proceeding with respect to liability for an addition to tax. Respondent has established that the tax return for 2006 was not timely filed.

[6]Since we have allowed some deductions disallowed by respondent, the amount of tax required to be shown on petitioner's 2006 return will be different from the amount shown on the notice of deficiency, and the addition to tax, which is 25 percent of that amount, will also differ. We leave the recalculation to the parties' Rule 155 computations.

III. Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty of 20 percent on the portion of an underpayment attributable to negligence, disregard of rules or regulations, or a substantial understatement of income tax. Negligence includes any failure to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. An understatement is substantial if it exceeds the greater of: (1) 10 percent of the tax required to be shown on the return for the taxable year, or (2) $5,000. Sec. 6662(d)(1)(A).

A taxpayer may avoid the application of an accuracy-related penalty by proving that he acted with reasonable cause and in good faith. See sec. 6664(c)(1); see also Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001); sec. 1.6664-4(a), Income Tax Regs. We analyze whether a taxpayer acted with reasonable cause and in good faith by examining the relevant facts and circumstances and, most importantly, the extent to which the taxpayer attempted to assess his proper tax liability. See Neely v. Commissioner, 85 T.C. 934, 947 (1985); Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec 1.6664-4(b)(1), Income Tax Regs. In order for the reasonable cause exception to apply, the taxpayer must prove that he exercised ordinary business care and prudence as to the disputed item. See Neonatology

Associates, P.A. v. Commissioner, 115 T.C. 43, 98 (2000), affd. 299 F.3d 221 (3d Cir. 2002).

Reliance upon the advice of a tax professional may establish reasonable cause and good faith for the purpose of avoiding liability for the section 6662(a) penalty.  See United States v. Boyle, 469 U.S. 241, 250 (1985).  Reliance on a tax professional is not an "absolute defense" but merely "a factor to be considered."  Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).  As a general rule, a taxpayer cannot shift the responsibility of filing an accurate return to a return preparer.  Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987).  However, we have held that under certain circumstances the taxpayer may avoid the imposition of a penalty if there was good faith reliance by the taxpayer on the advice of a competent adviser.  Jackson v. Commissioner, 86 T.C. 492, 539-540 (1986), affd. 864 F.2d 1521 (10th Cir. 1989).  The taxpayer claiming good faith reliance on a competent adviser must demonstrate that:  "(1) The adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment."  Neonatology Associates, P.A. v. Commissioner, supra at 99.

The record does not provide a sufficient basis for the Court to permit petitioner to avoid the imposition of the penalty. Petitioner has not established that he acted with reasonable cause in attempting to assess his proper tax liability, nor has he established good faith reliance on his preparer. Petitioner did not present to the Court required documentation to substantiate some of the claimed expense deductions. Petitioner did not assert that he maintained such records as required by law or that he provided such required records to his tax preparer. The record is further void of any advice that the tax adviser provided to petitioner. Also, on the basis of our findings (e.g. tolls claimed), petitioner clearly claimed deductions for amounts greater than the amounts actually expended for such items. Thus, we conclude that petitioner did not act with reasonable cause, nor has he established that there was good faith reliance on his tax adviser. Petitioner does not qualify for the reasonable cause exception of section 6664. Therefore, petitioner is liable for the accuracy-related penalty pursuant to section 6662(a) and (b)(1), in an amount to be recalculated after computation of the deficiency.

To reflect the foregoing,

Decision will be entered under Rule 155.