T.C. Memo. 1998-158


UNITED STATES TAX COURT


ROBERT C. FORS AND LUCILLE FORS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4868-97.                    Filed April 30, 1998.


Robert C. Fors, pro se.

<u>John C. Schmittdiel</u>, for respondent.


MEMORANDUM OPINION


DINAN, <u>Special Trial Judge</u>:    This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of
(continued...)

Respondent determined a deficiency in petitioners' Federal income tax for 1992 in the amount of $4,607 and an accuracy-related penalty pursuant to section 6662(a) in the amount of $921.

After concessions by the parties, the issues remaining for decision are: (1) Whether petitioners are entitled to Schedule C business expense deductions attributable to petitioner husband's real estate activity in excess of amounts allowed by respondent; (2) whether petitioners are entitled to an investment tax credit; and (3) whether petitioners are liable for the section 6662(a) accuracy-related penalty.[2]

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioners resided in Rosemount, Minnesota, on the date the petition was filed in this case. All references to petitioner in the singular are to Robert C. Fors.

Petitioner works as a real estate salesman. During 1992, petitioner wife worked as a computer lab clerk at a school in Rosemount, Minnesota.

---

[1](...continued)
Practice and Procedure.

[2]    Respondent's adjustments to petitioners' liability for self-employment taxes, deduction for one-half of such liability, and earned income credit are computational and will be resolved by the Court's holdings on the issues in this case.

The first issue for decision is whether petitioners are entitled to Schedule C business expense deductions attributable to petitioner's real estate activity in excess of amounts allowed by respondent.

On a Schedule C attached to petitioners' 1992 return, petitioner reported gross income from his real estate activity in the amount of $43,915. He claimed business expenses paid in connection with his real estate activity in the total amount of $35,806. Respondent made adjustments in the statutory notice of deficiency to nearly all of the claimed expenses. Although some of the claimed expenses were wholly or partially disallowed, respondent also allowed deductions for numerous expenses in amounts in excess of the amounts claimed on the Schedule C. The expenses discussed, _infra_, are the only ones which petitioner addressed at trial. We deem petitioner to have conceded respondent's adjustments to the claimed expenses which he failed to address. Furthermore, respondent's counsel conceded at trial that petitioner is entitled to deductions for advertising, insurance, utilities, and postage in amounts in excess of the amounts allowed in the statutory notice of deficiency:

|  | Statutory Notice of Deficiency | Conceded at Trial | Total Allowed |
|---|---|---|---|
| Advertising | $1,332 | $106 | $1,438 |
| Insurance | 391 | 392 | 783 |
| Utilities | 223 | 480 | 703 |
| Postage | 255 | 254 | 509 |

Respondent's determinations in the statutory notice of deficiency are presumed to be correct, and petitioners bear the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are strictly a matter of legislative grace, and petitioners bear the burden of proving their entitlement to any deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Office Expenses - Computer

Petitioner claimed a deduction for office expenses in the amount of $3,340 on his Schedule C. Respondent disallowed $2,450 of the claimed deduction. The parties agree that the claimed and disallowed office expenses include an amount claimed for the purchase of a computer.

Petitioner purchased an Apple Macintosh computer on May 15, 1992 for $2,013 (not including Minnesota sales tax of 6.5 percent). He purchased the computer through petitioner wife's employer because of the discounts offered by Apple to employees of educational institutions.

Respondent's position is that the cost of the computer is generally not deductible because it is subject to the section 168 depreciation rules. We agree. Respondent further argues that petitioner failed to make a proper section 179 election which is required for the computer to be treated as a currently deductible expense. Petitioner contends that it is unfair to hold that a

failure to make a timely election on the return prevents him from deducting a business expense.[3]

Section 179(a) generally allows a taxpayer to elect to treat the cost of section 179 property as a current expense in the year the property is placed in service, within certain dollar limitations. An election under section 179 must be made on the taxpayer's original return for the taxable year or a timely filed amended return. Sec. 179(c)(1)(B); sec. 1.179-4(a), Income Tax Regs. The election must specify the items of section 179 property to which the election applies and the cost of each of the items. Sec. 179(c)(1)(A); sec. 1.179-4(a)(1) and (2), Income Tax Regs. After reviewing the record, we find that petitioner failed to make the requisite election. He failed to specify that he was claiming a section 179 deduction for the cost of the computer.[4] We therefore hold that petitioner is not entitled to a section 179 deduction for 1992 for the cost of the computer.[5]

---

[3] Respondent concedes that the computer was used by petitioner 80 percent of the time in connection with his real estate activity. Petitioner has not proved that he used the computer for business purposes more than 80 percent of the time.

[4] Petitioner failed to attach to the return a Form 4562 on which the specific items to be deducted under sec. 179 must be listed. In addition, there is no indication on the face of the Schedule C that the claimed office expenses included the amount paid for the computer. In fact, we note that petitioner had difficulty at trial recalling which category of expenses the computer was claimed under.

[5] Respondent concedes that petitioner is entitled to a depreciation deduction with respect to the computer for 1992. We
(continued...)

Interest Expense

Petitioner claimed a deduction for interest paid in the amount of $989 on his Schedule C. In the statutory notice of deficiency, respondent allowed the claimed deduction. Petitioner now contends that he is entitled to a deduction for interest paid in the total amount of $2,999.88.

Section 163(a) provides that there shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness. Petitioner submitted a record from Southview Bank which shows that he paid interest in the amount of $2,999.88 during 1992. Petitioner testified that the proceeds of Southview Bank loan were used to operate his real estate business during 1992.

Based on the record, we find that the interest paid by petitioner to Southview Bank during 1992 constitutes interest paid on indebtedness which is properly allocable to petitioner's trade as a real estate salesman. The interest therefore does not constitute personal interest which would be disallowed by section 163(h)(1). See sec. 163(h)(2)(A). Accordingly, we hold that petitioner is entitled to a Schedule C deduction for 1992 for interest paid in the amount of $2,999.88.

_____

[5](...continued)
therefore instruct respondent to include the conceded amount in his Rule 155 computation. Respondent's counsel could not provide the Court with the exact amount of the deduction at trial because petitioner did not notify respondent that the claimed office expenses included the computer until shortly before trial.

Meals and Entertainment Expenses

Petitioner claimed a deduction for meals and entertainment expenses in the amount of $8,240, after accounting for the section 274(n)(1) 80-percent limitation.  In the statutory notice of deficiency, respondent disallowed $5,804 of the claimed deduction.  Respondent argues that petitioner has failed to substantiate his meals and entertainment expenses in excess of the amount allowed in the statutory notice of deficiency.

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  Section 274(d) provides that no deduction shall be allowed with respect to any traveling expense, including meals while away from home, or for any entertainment expenses, unless the taxpayer meets strict substantiation requirements.  Sec. 274(d)(1) and (2).  In particular, the taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement the amount, time, place, and business purpose of the expense.  Sec. 274(d).

Petitioner submitted some receipts for the claimed meals and entertainment expenses.  He also submitted copies of his daily planner along with weekly charts on which he listed the amount and purpose of the expenses he allegedly paid during 1992 in the course of his real estate activity.

Respondent's revenue agent, Marci Coopersmith, examined petitioner's daily planner, weekly charts, and other receipts

which he showed to her shortly before trial. Based on her review of his records and his statements during the examination, Ms. Coopersmith testified that she determined that petitioner was not entitled to a deduction for meals and entertainment expenses in excess of the amount allowed in the statutory notice of deficiency. Respondent submitted a computer printout of the results of Ms. Coopersmith's examination as part of the record in this case; she stated to the Court that the computer printout was her summary of the amounts substantiated by petitioner and allowed by her.

After reviewing the daily planner and the weekly charts, examining petitioner's records, and listening to petitioner's testimony, we find that Ms. Coopersmith correctly concluded that the meals and entertainment expenses allowed in the statutory notice of deficiency equal or exceed the amount substantiated by petitioner's records and statements. It appears from the record that respondent went to great lengths to sort through petitioner's assorted records only a week before the trial in an effort to allow petitioner all of the deductions to which he was entitled. Petitioner's records do not support a finding different from respondent's determination, and he failed to provide any testimony which convinces us that respondent erred in his determination. We therefore hold that petitioner is not entitled to a Schedule C deduction for meals and entertainment expenses in excess of the amount allowed by respondent.

The second issue for decision is whether petitioners are entitled to an investment tax credit for 1992.

Petitioners did not claim an investment tax credit on their 1992 return. Petitioners contend that they have an unused investment tax credit in the amount of $1,839 which was originally claimed on their 1984 return.

Petitioners have not proved that the allegedly unused credit was not absorbed as a carryback to any of their 3 taxable years preceding their 1984 taxable year (1981, 1982, and 1983). Sec. 39(a). Moreover, they have not proved that any remaining amount was not absorbed as a carryforward to any of the 7 taxable years following their 1984 taxable year (1985 through 1991) but preceding the taxable year in issue (1992). Id. Therefore, we have no way of determining the proper amount, if any, of the alleged credit which may be used as a carryforward to 1992. Accordingly, we hold that petitioners are not entitled to an investment tax credit for 1992.

The fourth issue for decision is whether petitioners are liable for the section 6662(a) accuracy-related penalty. Respondent's determinations of negligence are presumed to be correct, and petitioners bear the burden of proving that the penalties do not apply. Rule 142(a); Welch v. Helvering, 290 U.S. at 115; Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972).

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors,

one of which is negligence or disregard of rules or regulations. Sec. 6662(b)(1). Respondent determined that petitioners are liable for the accuracy-related penalty imposed by section 6662(a) for their underpayment of tax in 1992, and that such underpayment was due to negligence or disregard of rules or regulations. "Negligence" includes a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. "Disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

Section 6664(c)(1), however, provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment, if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion of the underpayment and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Based on the record, we find that petitioners have not proved that their underpayment was due to reasonable cause or

that they acted in good faith.  Although petitioners were able to produce some records at the administrative level and at trial that support their entitlement to business expense deductions, nearly all of the figures which petitioners listed on their 1992 Schedule C were erroneous.  We hold that petitioners are liable for the section 6662(a) accuracy-related penalty.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.