T.C. Memo. 2010-143

UNITED STATES TAX COURT

PHILIP JENSEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16800-09.                    Filed June 28, 2010.

Philip Jensen, pro se.

<u>David M. McCallum</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $35,074 in petitioner's Federal income tax for 2005 and additions to tax of $7,891.65 under section 6651(a)(1) for failure to file a return, $5,962.58 under section 6651(a)(2) for failure to pay tax, and $1,406.87 under section 6654 for failure to make estimated tax payments.  The issues for decision are whether

petitioner has shown (1) any errors in the notice of deficiency, or (2) that he is entitled to any deductions related to his body shop business. As discussed below, none of the facts have been stipulated, and the evidence is too sparse for meaningful findings of fact. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Alabama at the time that he filed his petition. During 2005, petitioner operated a body shop. He received nonemployee compensation of $109,789 from AWC Carriers, Inc., during 2005.

Petitioner started his body shop business in 2005. He purchased equipment and supplies and made payments for services. He did not, however, maintain records of his purchases of equipment or other expenses, and he did not report to the Internal Revenue Service (IRS) any commissions or other payments to persons providing services to the body shop.

Petitioner failed to file a Federal income tax return for 2005. The IRS prepared a substitute for return under section 6020(b) based on information reported by the payor of income to petitioner.

The petition in this case had attached a form containing a hodgepodge of frivolous, irrelevant, and spurious arguments common to petitions following a program of tax defiance. See Sullivan v. Commissioner, T.C. Memo. 2010-138; Cook v. Commissioner, T.C. Memo. 2010-137. The form sets out a general denial of tax liability; a claim of various deductions and exemptions and filing status other than allowed in the statutory notice; an assertion that the figures used "stem from illegal immigrants" using the taxpayer's Social Security number; an allegation that penalties should be waived because "the Internal Revenue Code is so complex and confusing"; a claim for credit "for the illegal telephone excise tax for each year"; a claim of deductible expenses of tax preparation and advice on filing (even though no return was filed); and a claimed lack of records justifying reconstruction and estimates, with a citation of and quotation from Cohen v. Commissioner, 266 F.2d 5 (9th Cir. 1959), remanding T.C. Memo. 1957-172. Petitioner requested Columbia, South Carolina, as the place of trial.

By notice served September 29, 2009, this case was set for trial in Columbia on March 1, 2010. Attached to the notice setting case for trial was the Court's standing pretrial order, which advises the parties of the requirements for preparation of cases for trial in this Court, specifically the exchange of documents and stipulations in accordance with Rule 91.

Petitioner refused to stipulate facts that should not have been disputed. Instead, he filed a motion to shift the burden of proof, reciting the requirements of section 7491(a)(2), although he had not complied with those requirements. He also filed a meritless motion for summary judgment, seeking summary adjudication based on his "affidavit of expense and deductions". He served on respondent's counsel requests for admissions and otherwise demanded concessions of his claimed deductions and agreement with the allegations in the form attached to his petition, including those that clearly have no applicability to his factual circumstances. His claimed deductions, totaling over $116,000, were based entirely on estimates and were unsupported by any reliable substantiation.

At the time of trial, petitioner continued to pursue his frivolous contentions even though he had been warned that respondent's counsel intended to seek a penalty under section 6673. His pretrial memorandum repeated the allegations of the petition and identified one witness (other than petitioner), but that witness was not present. The proposed witness was petitioner's brother; apparently, the brother was not a person that petitioner paid to perform services during 2005, and he was offered only as a person who observed petitioner's body shop operation and assisted petitioner in compiling materials and photographs in 2009. Petitioner sought a continuance, but the

record made over the 5 months during which the case was set for trial showed that a continuance was not justified and would not be productive. Thus it was denied in accordance with the standing pretrial order and Rule 133.

Petitioner testified that he purchased equipment and supplies and incurred costs for commissions and outside services when he started his body shop business in 2005, but his testimony was based solely on estimates and percentages of the income received. He did not produce any payment records or receipts or other reliable evidence of the purchase price paid or the useful life of any equipment for depreciation purposes or supplies purchased and consumed during the year. He tendered some computer printouts of equipment and supplies available for purchase in 2009 and photographs of his body shop operations taken in 2009. The tendered materials were not admitted in evidence but were considered as petitioner's offer of proof. Petitioner did not testify as to the amount of any personal itemized deductions that would exceed the standard deduction. Although he referred to his wife, he did not provide any testimony sufficient to determine his correct filing status or personal exemptions for 2005. (The notice of deficiency applied rates applicable to single taxpayers. In the absence of a joint return, petitioner's married status would have resulted in a higher tax liability.)

At the conclusion of the trial, petitioner was told that he might produce more persuasive evidence to respondent's counsel and seek to reopen the record, but he has not done so.

## Discussion

This case presents another unfortunate situation where a taxpayer has pursued arguments and programs provided by an unreliable source rather than obtaining competent tax advice and substantiating his deductions. He has thus forgone otherwise available tax benefits and appropriate deductions. For example, if petitioner had filed a return for 2005, he might have elected under section 179 to deduct, rather than depreciate, the cost of equipment purchased and placed in service that year. His failure to file a timely return or to meet the other applicable requirements now precludes that opportunity. See Visin v. Commissioner, T.C. Memo. 2003-246, affd. 122 Fed. Appx. 363 (9th Cir. 2005); Verma v. Commissioner, T.C. Memo. 2001-132; Fors v. Commissioner, T.C. Memo. 1998-158; Starr v. Commissioner, T.C. Memo. 1995-190, affd. without published opinion 99 F.3d 1146 (9th Cir. 1996). His failure to show the cost and useful life of any equipment purchased and placed in service in 2005 has precluded an allowance for depreciation.

Respondent presented evidence of petitioner's receipt of nonemployee compensation from AWC Carriers, Inc. That evidence was admitted under rules 803(6) and 902(11) of the Federal Rules

of Evidence.  Petitioner has not raised a reasonable dispute with respect to the income included in the notice of deficiency for 2005, and he has implicitly admitted receipt of that income by claiming expenses in a specific amount as a percentage of the income determined.  See sec. 6201(d); Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997).  He did not satisfy any of the criteria under section 7491(a) for shifting the burden of proof to respondent as to any item of income or deduction.  The burden of proving error in the notice of deficiency thus remains his. See Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), affg. T.C. Memo. 1972-133.

Petitioner claims that he is entitled to deductions based on his estimates.  He has not provided any explanation or excuse for his failure to maintain and produce records of actual expenditures.  His estimates are not permissible reconstructions and are not based on any other evidence.  The items identified by petitioner are not uncommon, and he may well have incurred expenses in the categories that he identifies.  He has not, however, provided anything more than speculation as to the actual amounts spent during 2005.

When a taxpayer establishes that he has incurred a deductible expense but is unable to substantiate the exact amount, we are, in some circumstances, permitted to estimate the

deductible amount. See <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930). We can estimate the amount of the deductible expense, however, only when the taxpayer provides evidence sufficient to establish a rational basis upon which the estimate can be made. See <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 743 (1985). Petitioner's pursuit of frivolous arguments undermines his credibility and the reliability of generalized claims. We are confident that, if he had cooperated with the IRS, some deductions would have been conceded on the likelihood that expenses had been incurred. Cf., e.g., <u>Sullivan v. Commissioner</u>, T.C. Memo. 2010-138. When a case is tried, however, we apply the rules regarding maintenance of records, substantiation of deductions, and burden and adequacy of proof. We also determine admissibility of proof under the Federal Rules of Evidence. See sec. 7453.

Petitioner's photographs of items in his shop in 2009 do not explain equipment purchased and placed in service in 2005, and his testimony does not cure that defect. He did not even recall when in 2005 he commenced his business. Although, for example, we do not doubt that petitioner purchased and consumed paint in operating a body shop, we have no way of determining the number of gallons purchased and consumed or the prices paid in 2005. If, as he claims, petitioner incurred office expenses, those expenses should have been reflected in records of his income and

expenditures.  He might have secured bank records or copies of utility bills and other receipts from the providers of services, but he failed to do so.  He has not suggested any tenable explanation for the absence of reliable evidence.  We have considered the entire record and petitioner's offer of proof, and we see no rational basis for estimating his deductible expenses.

Under section 7491(c), respondent has the burden of production with respect to the additions to tax.  Respondent produced official records reflecting petitioner's failure to file a return for 2005 and the preparation of a substitute for return under section 6020(b).  These records were received in evidence pursuant to rules 803(8) and (10) and 902(1) and (4) of the Federal Rules of Evidence.  Respondent has satisfied the burden of production with respect to the additions to tax under section 6651(a)(1) and (2).  See, e.g., Higbee v. Commissioner, 116 T.C. 438, 447-448 (2001).  Petitioner has not shown reasonable cause for his failure to file the return.  When asked for his reason, he declined to answer, citing the Fifth Amendment.  Those additions to tax will be sustained.  Respondent did not, however, present adequate information concerning petitioner's liability for 2004 or otherwise satisfy the burden of showing petitioner's obligation to make estimated tax payments during 2005.  See Wheeler v. Commissioner, 127 T.C. 200, 210-212 (2006), affd. 521

F.3d 1289 (10th Cir. 2008).  The addition to tax under section 6654, therefore, will not be sustained.

Respondent has moved for a penalty under section 6673 on the grounds that petitioner instituted these proceedings primarily for delay and/or because petitioner's position is frivolous or groundless.  Petitioner chose an erroneous course of action rather than competent tax advice, and he ignored the warnings of respondent and the rulings of the Court.  As a result, he has been a victim of his own folly.  He asserts that he has not failed to file returns before or after the single year in issue.  We have decided not to impose a penalty, but we caution petitioner that a penalty in an amount not in excess of $25,000 may be awarded if he pursues such a misguided course in the future.

For the reasons explained above,

<u>Decision will be entered for respondent except for the addition to tax under section 6654</u>.