T.C. Memo. 2010-193

UNITED STATES TAX COURT

PATRICIA A. BROOKSHIRE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3474-09.                    Filed September 1, 2010.

Patricia A. Brookshire, pro se.

<u>Olivia J. Hyatt</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies in petitioner's income tax and additions to tax for 2004 and 2006 as follows:

| | | Additions to Tax | | |
|-------|-------------|------------------|------------------|----------------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2004 | $12,356 | $2,751.97 | [1]$2,446.20 | $350.08 |
| 2006 | 12,634 | 1,766.25 | [1]628.00 | 346.29 |

[1]The addition to tax will continue to accrue from the due date of the return at a rate of 0.5 percent for each month, or fraction thereof, of nonpayment, not exceeding 25 percent.

The issues for decision are whether petitioner had unreported income during the years in issue, whether she had deductions beyond those conceded by respondent, and whether she is liable for the additions to tax. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Georgia at the time that she filed her petition. Petitioner was a graphic designer and computer technician during the years in issue.

During 2004, petitioner received wages of $12,196 from U.S. Personnel. Petitioner received nonemployee compensation from Columbia Theological Seminary, Inc., of $2,837 in 2004; from Agnes Scott College of $18,510 in 2004 and $2,900 in 2006; and

from the Westminster Schools of $17,554 in 2004 and $3,850 in 2006.  During 2006, petitioner received wages of $10,858 from Pat Cornelius & Associates, Inc., and $50,696 from DigiPrint Ink, Ltd.

Petitioner received interest income totaling $1,117 in 2006.

Petitioner failed to file Federal income tax returns for 2003, 2004, 2005, and 2006.  Respondent prepared substitutes for returns for petitioner for 2004 and 2006, using a filing status of single.  Notices of deficiency were sent to petitioner on November 10, 2008, for 2004 and 2006.  The notices were based on third-party reporting of petitioner's income as set forth above.

OPINION

The petition in this case had attached a form containing a hodgepodge of frivolous, irrelevant, and spurious arguments common to petitions following a program of tax defiance.  See Jensen v. Commissioner, T.C. Memo. 2010-143; Sullivan v. Commissioner, T.C. Memo. 2010-138; Cook v. Commissioner, T.C. Memo. 2010-137.  The form sets out a general denial of tax liability; a claim of various deductions and exemptions and a filing status other than allowed in the statutory notice; an assertion that the figures used "stem from illegal immigrants" using the taxpayer's Social Security number; an allegation that penalties should be waived because "the Internal Revenue Code is so complex and confusing"; a claim for credit "for the illegal

telephone excise tax" for each year; a claim of deductible expenses of tax preparation and advice on filing (even though no return was filed); and a claimed lack of records allegedly justifying reconstruction and estimates, with a citation of and quotation from Cohen v. Commissioner, 266 F.2d 5 (9th Cir. 1959), remanding T.C. Memo. 1957-172. The petition and the attachment referred to petitioner as "he" and used the possessive "his" throughout, although petitioner is female. Petitioner requested Columbia, South Carolina, as the place of trial.

Before, during, and after trial, petitioner presented an "affidavit of expenses and deductions" that she insisted should be accepted as proof of her business expenses for the years in issue. When the case was called for trial, petitioner belatedly presented some receipts substantiating expenses, and respondent conceded some deductions. Petitioner stipulated the items of income set forth above and the third-party records that were the subject of information returns on which the substitutes for returns and notices of deficiency were based.

The Court ordered seriatim briefs, with respondent filing the opening brief, so that the record could be clarified as to what deductions were agreed and why others were denied. In her brief, petitioner admitted that she received wages and other income but that she maintained no records of amounts paid to her. She attempted to avoid the stipulation and renewed hearsay

objections to the evidence of her income received with the stipulation. She has shown neither error in the stipulation nor any reason to relieve her from it. See Rule 91(e). Even if they had not been stipulated, the business records of the payors of income would have been received in evidence under Rules 803(6) and 902(11) of the Federal Rules of Evidence. Petitioner has not raised any reasonable dispute with respect to any item of income. See sec. 6201(d). We conclude that she had unreported income in the amounts set forth in our findings.

Many of the expenses petitioner claimed were disallowed for lack of substantiation of amount, time, place, and business purpose under section 274(d). Petitioner presented a mileage log that was inconsistent with her testimony and, as she admitted, was not correct; she has now conceded that she is not entitled to deduct mileage for 2006. Some of the transportation expenses and entertainment expenses claimed were nondeductible personal expenses, such as those for commuting, social entertainment, and gifts. See sec. 262. Her claimed medical expenses, even if accepted without substantiation, would not be deductible because they do not exceed 7.5 percent of her adjusted gross income. See sec. 213(a). Petitioner presented no evidence verifying charitable contributions as required by section 170 and section 1.170A-13(a)(1), Income Tax Regs.

Respondent conceded that petitioner was entitled to deduct a portion of the expenses of an office in her home during 2004, when most of petitioner's income was nonemployee compensation. Petitioner attempts to recharacterize her wage income in both years as nonemployee compensation in order to claim expenses, including her office in the home, as business expenses deductible in full rather than employee expenses limited by section 67(a) to the extent that the aggregate of miscellaneous deductions exceeds 2 percent of adjusted gross income. She admitted during her testimony that some items were reimbursable by her employer, but she failed to seek reimbursement. She has not persuaded us that she was other than an employee, and her theory is implausible. To the extent that respondent has conceded some employee expenses, the limitation of section 67(a) will apply.

Petitioner claims deductions for computers and other equipment purchased in 2004. If petitioner had filed a tax return for 2004, she might have elected under section 179 to deduct, rather than depreciate, the cost of equipment purchased and placed in service that year. Her failure to file a return or to meet the other applicable requirements now precludes that opportunity. See Visin v. Commissioner, T.C. Memo. 2003-246, affd. 122 Fed. Appx. 363 (9th Cir. 2005); Verma v. Commissioner, T.C. Memo. 2001-132; Fors v. Commissioner, T.C. Memo. 1998-158; Starr v. Commissioner, T.C. Memo. 1995-190, affd. without

published opinion 99 F.3d 1146 (9th Cir. 1996). She has neither claimed depreciation nor presented evidence adequate to determine an allowance for depreciation in either year.

As to almost all of the expenses that she claimed, petitioner lacked corroborative receipts, canceled checks or other records of expenditures. Some of the documents she presented were illegible, patently unreliable, or contradicted her claims. (The receipts that she produced included Diet Coke purchased at WalMart because she was thirsty). Petitioner asserts that she did the best that she could considering the passage of time and seeks to rely on Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). In cases in which the Cohan principle is applied and estimates are accepted, we bear heavily against "the taxpayer whose inexactitude is of * * * [her] own making." Id. at 544. We can estimate the amount of the deductible expense only when the taxpayer provides evidence sufficient to establish a rational basis upon which the estimate can be made. See Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Certainly the necessity of reconstructing in 2010 expenses allegedly incurred in 2004 and 2006 and the unreliability of recollection and estimates are problems of petitioner's own making. She failed to file tax returns for at least 4 years, when contemporaneous schedules of deductions would have, or

should have, been based on contemporaneous records. She failed to keep records of her income and expenses. She refused to cooperate when contacted by respondent, and she complied only belatedly and incompletely with the Court's orders and Rules requiring that records be turned over and that facts and documents be stipulated. She obstructed the determination of her tax liabilities by pursuing frivolous positions promoted by unreliable sources and did not seek competent tax advice. We are not persuaded that she is entitled to any deductions not conceded by respondent.

Respondent has satisfied the burden of going forward under section 7491(c) with respect to the additions to tax for failure to file returns or to pay tax under section 6651(a) and the failure to pay estimated taxes under section 6654(a). See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Petitioner's only excuse is that for 2004 and 2006 she believed that her business expenses "counter-balanced" the wages she earned and that she did not owe taxes. A single individual must file a return on receipt of gross income, such as wages, exceeding $7,950 in 2004 or $8,450 for 2006, regardless of whether or not taxes are owed. See sec. 6012(a). We do not believe that petitioner misunderstood the requirements of law or that she believed that

she did not have taxable income.  She has not shown reasonable cause under section 6651(a) or an exception to the addition to tax under section 6654.  The additions to tax on the recomputed deficiencies will be sustained.

To reflect respondent's concessions,

<u>Decision will be entered under Rule 155</u>.