T.C. Memo. 2008-249


UNITED STATES TAX COURT



DAVID A. HUGHES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4486-07.                    Filed November 3, 2008.



        P claimed numerous deductions on his 2001 Federal
income tax return and did not include distribution
income in his taxable income.  R determined a
deficiency, an addition to tax pursuant to sec.
6651(a)(1), I.R.C., and an accuracy-related penalty
pursuant to sec. 6662(a), I.R.C.

        <u>Held</u>:  P is liable for the deficiency, the
addition to tax, and the accuracy-related penalty.



David A. Hughes, pro se.

<u>Susan S. Hu</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for redetermination of a Federal income tax deficiency, an addition to tax under section 6651(a)(1), and a penalty under section 6662(a) that respondent determined with respect to petitioner's 2001 tax year.[1]  The issues for decision are:

(1) Whether petitioner is entitled to $40,936 of deductions for unreimbursed employee business expenses, tax preparation fees, tax advice, job search expenses, and medical and dental expenses claimed on Schedule A, Itemized Deductions;

(2) whether petitioner is entitled to deductions of $6,410 for expenses related to pension and profit-sharing plans and $2,888 for depreciation and section 179 expenses, claimed on Schedule C, Profit or Loss From Business;

(3) whether the $18,312 in distributions that petitioner received from Wescom Credit Union is includable in his taxable income;

(4) whether petitioner is liable for the 10-percent additional tax under section 72(t);

(5) whether petitioner is liable under section 6651(a)(1) for a $3,161.75 addition to tax; and

----

[1]All section references are to the Internal Revenue Code of 1986, as amended an in effect for the tax year at issue.  The Rule references are to the Tax Court Rules of Practice and Procedure.

(6) whether petitioner is liable under section 6662(a) for a $2,557.80 accuracy-related penalty.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are hereby incorporated by reference into our findings. At the time he filed his petition, petitioner resided in California.

Petitioner filed his 2001 Form 1040, U.S. Individual Income Tax Return, with respondent on March 3, 2004. On his return, petitioner reported receiving $18,312 in distributions from Wescom Credit Union in 2001. Petitioner also claimed deductions on Schedule A and Schedule C.

On Schedule A petitioner deducted, inter alia, (1) $35,256 for unreimbursed employee business expenses, specifically $20,159 for vehicle expenses, $4,450 for nonovernight travel expenses, $7,225 for overnight travel expenses, $1,654 for other business expenses, and $1,768 for meals and entertainment expenses; (2) $625 for tax preparation fees; (3) $1,500 for tax advice; and (4) $2,536 for job search expenses. On Schedule C he deducted, among other things, $6,410 for expenses related to pension and profit-sharing plans and $2,888 for depreciation and section 179 expenses.

On November 28, 2006, respondent issued a notice of deficiency to petitioner for his 2001 tax year. Petitioner filed

a timely petition with this Court on February 26, 2007.  Therein, he states that (1) "the company I was employed by was purchased by another company and has been unable to supply T & E policy for the year in question"; (2) he "had gone through a divorse [sic] and spouse at the time will not supply copies of important tax info in their care"; and (3) "Several personnal [sic] address changes as well as divorse [sic] and time passed caused some information to be misplaced".  He also asserts that "any penalties due for any tax that may be due should be waived since there was no malace [sic] simply errors".  A trial was held on May 7, 2008, in Los Angeles, California.

OPINION

I.   Whether Petitioner is Entitled to Deductions Claimed on
     Schedules A and C

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving entitlement to any claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  As part of their burden, taxpayers must substantiate the amount of their claimed deductions.  A taxpayer is required to maintain records sufficient to establish the amount of any deduction claimed. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Even when a taxpayer is unable to substantiate the amount of a deduction, the Court may still allow the deduction, or a portion thereof, if there is an evidentiary basis for doing so. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930);

Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  In those instances, the Court may estimate the allowable expense, bearing heavily if appropriate against the taxpayer whose inexactitude is of his or her own making.  Cohan v. Commissioner, supra at 544.  The Cohan rule does not apply, however, with respect to deductions that are subject to the strict substantiation requirements of section 274.  Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Petitioner claimed a variety of deductions on his 2001 return, each of which has its own specific rules and requirements.  Although we will address each of them in turn, petitioner is ultimately unable to establish entitlement to any of them because he has failed to provide any substantiating evidence.

A.  Unreimbursed Employee Business Expenses

Section 162(a) authorizes a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  An expense is ordinary if it is normal or customary within a particular trade, business, or industry.  Deputy v. du Pont, 308 U.S. 488, 495 (1940).  An expense is necessary if it is "appropriate and helpful" for the development of the business.  Welch v. Helvering, 290 U.S. 111, 113 (1933).  Services performed as an employee generally constitute a trade or business for purposes of section 162(a).

O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988).  However, if an employee's expenses are reimbursable by his or her employer, those expenses are not necessary and cannot be deducted.  Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533.

As mentioned, certain business expenses described in section 274(d) are subject to strict substantiation rules that supersede the Cohan rule.  Sanford v. Commissioner, 50 T.C. 823, 827–828 (1968), affd. 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., supra.  Section 274(d) applies to: (1) Any traveling expense, including meals and lodging away from home; (2) entertainment, amusement, and recreational expenses; (3) any expense for gifts; or (4) the use of listed property, as defined in section 280F(d)(4), including passenger automobiles. To deduct such expenses, the taxpayer must substantiate by adequate records or evidence sufficient to corroborate the taxpayer's own testimony:  (1) The amount of the expenditure or use, which includes mileage in the case of automobiles; (2) the time and place of the travel, entertainment, or use; (3) its business purpose; and in the case of entertainment, (4) the business relationship to the taxpayer of each expenditure or use. Sec. 274(d) (flush language).

B.  <u>Tax Preparation Fees and Tax Advice</u>

Section 212(3) provides that "there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year * * * in connection with the determination, collection, or refund of any tax."

C.  <u>Job Search Expenses</u>

Section 162(a) allows a taxpayer to deduct expenses incurred in searching for new employment within the same trade or business.  See <u>Primuth v. Commissioner</u>, 54 T.C. 374, 378-379 (1970); see also <u>Murata v. Commissioner</u>, T.C. Memo. 1996-321.  A deduction is not allowed for expenses incurred while seeking employment in a new trade or business.  See <u>Frank v. Commissioner</u>, 20 T.C. 511, 513-514 (1953).

D.  <u>Employer Contributions to Pension or Profit-Sharing Plans</u>

An employer's contributions to pension or profit-sharing plans are not deductible under section 404 unless they are deductible under section 162 as ordinary and necessary expenses. See <u>Edwin's, Inc. v. United States</u>, 501 F.2d 675, 679 (7th Cir. 1974); sec. 1.404(a)-1(b), Income Tax Regs.  Section 162(a)(1) allows as a deduction "a reasonable allowance for salaries or other compensation for personal services actually rendered".

E.  <u>Depreciation and Section 179 Expense</u>

A taxpayer may elect to deduct as a current expense the cost, within certain dollar limitations, of any section 179

property that is used in an active trade or business and placed in service during the taxable year. Sec. 179(a), (b), (d)(1); see sec. 1.179-4(a), Income Tax Regs. The election must specify the total section 179 expense deduction claimed and the portion of that deduction allocable to each specific item. Sec. 179(c)(1); sec. 1.179-5(a), Income Tax Regs. The taxpayer must make a separate election for each taxable year, and such election must be made on the first income tax return for the taxable year to which the election applies. Sec. 179(c)(1)(B); sec. 1.179-5(a), Income Tax Regs. The taxpayer must also maintain records reflecting how and from whom the section 179 property was acquired and when it was placed in service. Sec. 1.179-5(a), Income Tax Regs. A taxpayer who fails to make the election is not entitled to section 179 treatment. See Jackson v. Commissioner, T.C. Memo. 2008-70; Visin v. Commissioner, T.C. Memo. 2003-246, affd. 122 Fed. Appx. 363 (9th Cir. 2005).

F. Petitioner Failed to Substantiate the Amounts of the Deductions He Claimed on Schedules A and C

There is no evidence of record to substantiate any of petitioner's claimed deductions. Petitioner admits as much. At trial, he claimed that his accountant has the necessary evidence. In his petition, he asserts that his former spouse or the acquirer of his former employer has the evidence or that it was simply misplaced. Even assuming that substantiating evidence exists and is in the possession of third parties, petitioner has

had ample time to collect it but has failed to do so. If the third parties were uncooperative, Rule 147 permitted petitioner to issue subpoenas duces tecum that would have required third parties to appear at trial and bring written records. In addition, there is no indication that petitioner made an election under section 179.

Petitioner sought a continuance only days before the trial session ostensibly to permit him to locate the documents necessary to substantiate his deductions. Because petitioner had in respondent's opinion not cooperated in the pretrial process, respondent opposed the continuance. The Court then denied the continuance but set the trial for a date 9 days later to provide petitioner time to locate his documents. Nevertheless, no documents were forthcoming at the trial. Accordingly, our conclusion is inescapable: Petitioner has failed to demonstrate entitlement to any of the deductions at issue.[2]

---

[2]At trial, the parties mentioned that petitioner may have reported his $6,410 deduction for pension and profit-sharing plans incorrectly and that he may have intended to claim that amount as a deduction for rental expenses for business, machinery, vehicles, and equipment. There is no evidence to substantiate that deduction either.

In addition, as a result of petitioner's failure to demonstrate entitlement to the deductions described above, a portion of his deduction for medical and dental expenses must be disallowed. Sec. 213(a) allows for the deduction of personal medical and dental expenses to the extent that they exceed 7.5 percent of the taxpayer's adjusted gross income (AGI). In light of our conclusion above, petitioner's AGI and 7.5-percent floor

(continued...)

II. <u>Whether the $18,312 in Distributions Petitioner Received from Wescom Credit Union Should be Included in His Taxable Income</u>

Section 63(a) generally defines taxable income as gross income minus deductions. Section 61(a) in turn specifies that, "Except as otherwise provided", gross income includes "all income from whatever source derived". Generally, income from annuities and pensions is included in gross income. Sec. 61(a)(9), (11). Section 72 further provides that distributions from qualified retirement plans are included in gross income. See secs. 72(a), 402(a).

In addition, a taxpayer who receives a distribution from a qualified retirement plan before attaining the age of 59-1/2 is generally subject to an additional 10-percent tax pursuant to section 72(t)(1) on the amount of the distribution unless the taxpayer can prove that an exception under section 72(t)(2) applies. See <u>Bunney v. Commissioner</u>, 114 T.C. 259, 265-266 (2000).

The Commissioner's determination of a deficiency is generally presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a);

---

[2](...continued)
must be adjusted upward, which precludes petitioner from deducting the entire amount of medical and dental expenses reported on his 2001 return.

<u>Welch v. Helvering</u>, 290 U.S. at 115.  Although section 7491(a) may shift the burden of proof to the Commissioner in specified circumstances, petitioner has not satisfied the prerequisites under section 7491(a)(1) and (2) for such a shift.

Petitioner concedes that he "[received] distributions from pensions and annuities in the amount of $18,312.00 in the 2001 taxable year from Wescom Credit Union."  On his Federal income tax return, he reported receiving that amount as "Total IRA distributions", but he did not include it in his gross income. At trial, he stated that he invested the money into his business and that his accountant had told him that he would have losses to offset the distribution income.  These are not reasons to exclude the distributions from petitioner's gross income, and petitioner has not otherwise met his burden of proving that respondent's determination of a deficiency is improper.  Accordingly, we will sustain the deficiency determined by respondent with respect to the $18,312 in distributions received from Wescom Credit Union in 2001.

We will also sustain respondent's imposition of a 10-percent additional tax under section 72(t) for petitioner's early distributions from a qualified retirement plan.  Petitioner does not dispute that he was under the age of 59-1/2 when he received the distributions and has not otherwise disputed the additional tax or shown that an exception under section 72(t)(2) applies.

III.  Section 6651(a)(1) Addition to Tax

Respondent determined that petitioner was liable for an addition to tax under section 6651(a)(1).  Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless the taxpayer proves that such failure is due to reasonable cause and not willful neglect.  See United States v. Boyle, 469 U.S. 241, 245 (1985).  Pursuant to section 7491(c), respondent has the burden of production with respect to this addition to tax and is therefore required to "come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty."  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Petitioner concedes that he filed his 2001 Federal income tax return on March 3, 2004--well beyond the April 15, 2002, due date.  Moreover, he has not disputed the addition to tax or presented any evidence to suggest that his failure to file timely was due to reasonable cause.  Accordingly, we shall sustain respondent's imposition of the addition to tax under section 6651(a)(1).

IV.  Section 6662 Penalty

Respondent determined that petitioner was liable for a penalty under section 6662(a).  Respondent bears the burden of production with respect to petitioner's liability for that penalty.  See sec. 7491(c).  This means that respondent "must come forward with sufficient evidence indicating that it is

appropriate to impose the relevant penalty." Higbee v. Commissioner, supra at 446.

Section 6662(a) imposes an accuracy-related penalty of 20 percent of any underpayment that is attributable to one of the causes listed in subsection (b). One such cause is negligence or disregard of rules or regulations, with negligence including "any failure by the taxpayer to keep adequate books and records or to substantiate items properly." Sec. 6662(b)(1); sec. 1.6662-3(b)(1), Income Tax Regs. Another cause is any substantial understatement of income tax, defined for individuals as an understatement that exceeds the greater of (1) 10 percent of the tax required to be shown on the return for the taxable year or (2) $5,000. Sec. 6662(b)(2), (d)(1)(A).

There is an exception to the section 6662(a) penalty when a taxpayer can demonstrate (1) reasonable cause for the underpayment and (2) that the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c)(1). Regulations promulgated under section 6664(c) provide further that the determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances." Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent asserts that petitioner is liable for the section 6662 penalty "because there has been a substantial understatement of income tax" and "because he acted with negligence and

disregard of the rules." Respondent explains that petitioner "has failed to provide respondent with evidence that he maintained books or records".

On his 2001 return, petitioner indicated that the total tax due was $2,133. Respondent determined a deficiency of $12,789. Petitioner's understatement of tax is substantial under section 6662(d)(1)(A) because it exceeds $5,000 and is greater than 10 percent of the amount required to be shown on the return. Although petitioner argues in his petition that the penalties should be waived because he did not act with malice, he has not shown that he acted with reasonable cause or in good faith, which is the proper statutory test. Accordingly, we sustain respondent's determination that petitioner is liable for the section 6662(a) penalty for the 2001 tax year.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered

for respondent.