T.C. Summary Opinion 2012-36

UNITED STATES TAX COURT

GREGORY R. HIELSBERG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13729-10S.                    Filed April 23, 2012.

Gregory R. Hielsberg, pro se.

<u>Vivian N. Rodriguez</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463.[1]  Pursuant to section 7463(b), the decision to be entered

———————————

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended, in effect for the relevant period.  Rule references are to
(continued...)

is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated March 22, 2010 (notice), respondent determined a $5,211 deficiency in petitioner's 2007 Federal income tax and imposed a $1,042.20 section 6662(a) accuracy-related penalty. The issues for decision are: (1) whether petitioner is entitled to various deductions claimed on a Schedule A, Itemized Deductions; and (2) whether petitioner is liable for the section 6662 accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Florida.

From April 1 through September 30, 2007, petitioner was employed as an outside salesperson for Vistar Maintenance Corp. (Vistar). The $33,901.20 of compensation that he received from Vistar during 2007, which consisted of a base salary plus commissions, is reported on a Form W-2, Wage and Tax Statement. Petitioner described his position with Vistar as an "8-to-5" job and, without

---

[1](...continued)
the Tax Court Rules of Practice and Procedure.

providing much detail, explained that his responsibilities were much like those of any other outside salesperson.

In December 2006 petitioner acquired his mortgage broker's license from the State of Florida. From January 1 through September 30, 2007, petitioner considered himself an independent contractor/mortgage loan officer for Analyst & Consultants Mortgage (ACM). Petitioner received no compensation from ACM during his association with that company. For the most part, he described his activities in connection with ACM as "training". Other than an email from a former officer of ACM indicating that ACM did not reimburse its "independent consultants" for business-related expenses, no documentation showing petitioner's relationship with ACM or further describing his responsibilities with that company has been provided.

Petitioner was also employed by Danka Office Imaging Co. and OCE Imagistics, Inc., during 2007, but the record contains no detail with respect to these employers.

Petitioner's timely filed 2007 Federal income tax return (return) was prepared by a paid income tax return preparer. According to petitioner, he provided the return preparer with a spreadsheet showing the amounts for the

income and deductions reported on the return. The adjusted gross income shown on the return is $64,207. The taxable income and income tax liability shown on that return are computed with reference to petitioner's election to claim itemized deductions in lieu of a standard deduction. See sec. 63. The following expenses are shown as miscellaneous itemized deductions on the Schedule A included with the return:

| Expense | Amount |
| --- | --- |
| Unreimbursed employee business expenses | $26,045 |
| Tax preparation fees | 150 |
| Other expenses | 1,259 |

The details of the unreimbursed employee business expenses deduction are shown on a Form 2106-EZ, Unreimbursed Employee Business Expenses, as follows:

| Expense | Amount |
| --- | --- |
| Vehicle expenses | $12,901 |
| Parking fees, tolls, and transportation | 218 |
| Travel expenses | 6,251 |
| Unidentified business expenses | 3,182 |
| Phone expenses | 1,862 |
| Printing expenses | 1,521 |
| Office and postage expenses | 110 |

The deduction for other expenses includes:

| Expense | Amount |
| --- | --- |
| Investment advisory fees and subscriptions | $199 |
| Certain legal and accounting fees | 600 |
| Depreciation on home computer and office equipment | 460 |

According to petitioner, expenses included in the unreimbursed employee business expense deduction and deduction for other expenses relate to his employment with Vistar and his association with ACM as an independent contractor.[2] The record allows for no allocation of claimed expenses between these companies.

All of the above-listed deductions are disallowed in the notice, and all are here in dispute. According to the notice, petitioner "did not establish that the business expense shown on * * * [his] tax return was paid or incurred during the taxable year and that the expense was ordinary and necessary to * * * [his] business." Respondent also imposed a section 6662(a) accuracy-related penalty on several grounds, including "negligence or disregard of rules or regulations" and "substantial understatement of income tax".

---

[2]Otherwise deductible expenses attributable to petitioner's association with ACM should have been claimed on a Schedule C, Profit or Loss From Business, rather than the Schedule A. Because this technical distinction makes no difference in this case, we take the parties' lead and ignore it.

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[3]  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).  A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  See sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90; sec. 1.6001-1(a), Income Tax Regs.  In the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude in

_____

[3]Petitioner does not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

substantiating the amount of the expense is of the taxpayer's own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business. Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004). Generally, the performance of services as an employee constitutes a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377 (1970). To be ordinary the expense must be of a common or frequent occurrence in the type of business involved. Deputy v. du Pont, 308 U.S. 488, 495 (1940). To be necessary an expense must be appropriate and helpful to the taxpayer's business. Welch v. Helvering, 290 U.S. 111, 113 (1933). The expenditure must be "directly connected with or pertaining to the taxpayer's trade or business". Sec. 1.162-1(a), Income Tax Regs.

Section 274(d) imposes strict substantiation requirements for travel, entertainment, gift, and "listed property" (including passenger automobiles) expenses. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50

Fed. Reg. 46014 (Nov. 6, 1985). Under section 274(d), the taxpayer generally must substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place the expense was incurred; (3) the business purpose of the expense; and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred. For "listed property" expenses, the taxpayer must establish the amount of business use and the amount of total use for such property. See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

## I. Disputed Deductions

### A. Unreimbursed Employee Business Expenses

#### 1. Vehicle Expenses

Petitioner claims a $12,901 deduction for vehicle expenses. The deduction was disallowed for lack of substantiation. According to petitioner, the disallowed deduction is attributable to mileage incurred on behalf of ACM and Vistar, as recorded in his mileage log. Petitioner's mileage log, however, is deficient in several respects. First, it is inconsistent with the mileage claimed on his return. Second, it fails to distinguish between miles driven on behalf of ACM and Vistar. Third, the log shows no specific appointments or the business purpose of any appointment. Instead, only city pairs are shown, and only beginning and ending mileage is recorded. Petitioner's mileage log is not an adequate record within the meaning of section 274(d) and the regulations thereunder, and he failed to provide other corroborative evidence sufficient to satisfy the requirements of that section and its corresponding regulations. Consequently, we sustain respondent's disallowance of the deduction for vehicle expenses.

#### 2. Parking Fees, Tolls, and Transportation

According to petitioner, he paid $218 for parking fees, tolls, and transportation in driving on behalf of ACM and Vistar. As stated above, expenses

related to passenger automobiles, including expenses for parking fees and tolls, are subject to the stringent substantiation requirements of section 274(d). The tolls were paid through the use of a Sunpass. Petitioner's credit card statements show routine replenishment of his Sunpass account, but he has failed to show that any of the charges actually relate to business trips. No charges for tolls are shown on petitioner's mileage log.

Petitioner also introduced into evidence invoices from auto mechanics showing payments made for automobile maintenance. Assuming that the charges on the auto mechanic invoices somehow relate to petitioner's use of his automobile and are included in his otherwise unexplained deduction for "transportation" expenses, he failed to establish that the charges were anything other than personal expenses. See sec. 262(a). Petitioner is not entitled to a deduction for parking fees, tolls, and transportation expenses.

### 3. Travel Expenses

Petitioner claims a $6,251 deduction for travel expenses. The deduction was disallowed for lack of substantiation. As stated above, expenses related to travel, including lodging, meals, and car rental, are subject to the stringent substantiation requirements of section 274(d). According to petitioner, the travel expenses relate to business trips on behalf of ACM.

The record includes numerous copies of credit card receipts showing expenses petitioner incurred for meals at various restaurants. Many of the receipts are dated after his association with ACM was terminated, and none show the business purpose or client (or potential client) he claims to have been entertaining. Other than his generalized testimony that all of the trips were related to ACM, petitioner failed to offer sufficient specific testimony to allow deductions for whatever expenses were incurred. Accordingly, we sustain respondent's disallowance of expenses that relate to petitioner's travel expenses.

### 4. Unidentified Business Expenses

Petitioner claims a $3,182 deduction for unidentified business expenses. The deduction was disallowed for lack of substantiation. At trial petitioner failed to present any evidence to explain, much less substantiate, the amount so deducted. Petitioner is not entitled to a deduction for unidentified business expenses.

### 5. Phone Expenses

Petitioner claims a $1,862 deduction for a cellular phone plan. The deduction was disallowed for lack of substantiation. A cell phone is "listed property" and subject to the strict substantiation requirements of section 274(d). Sec.

280F(d)(4)(A)(v).[4]  The deduction includes the total cost of petitioner's plan; no allocation between business and personal use has been provided.  A taxpayer must establish the amount of business use and the amount of total use for the property to substantiate the amount of expenses for listed property, which petitioner has failed to do.  Sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., supra.  Petitioner's deduction for cell phone expenses is disallowed.

### 6. Printing Expenses

Petitioner claims a $1,521 deduction for printing expenses.  The deduction was disallowed for lack of substantiation.  According to petitioner, the printing expenses were incurred on behalf of ACM and relate to the cost of "letterheads, envelopes, business cards, invoices," and promotional pens.  Petitioner did not provide any receipts or other documents to substantiate these expenses.  Although it is more likely than not that petitioner incurred some expenses for printing, because he did not present sufficient evidence to allow the expenses to be estimated, see Vanicek v. Commissioner, 85 T.C. at 743, he is not entitled to deduct any amount attributable to the cost of printing.

---

[4]Effective for taxable years beginning after December 31, 2009, cellular telephones are no longer listed property.  See Small Business Jobs Act of 2010, Pub. L. No. 111-240, sec. 2043, 124 Stat. at 2560.

### 7. Office and Postage Expenses

Petitioner claims a $110 deduction for office and postage expenses. The deduction was disallowed for lack of substantiation. According to petitioner, the office and postage expenses were incurred on behalf of ACM. In support of his claimed deduction petitioner provided receipts from Mail Boxes Etc. and the U.S. Postal Service showing payments of $38.31 for postage. However, petitioner failed to provide any additional testimony or evidence explaining the payments. Accordingly, we conclude that, without more, petitioner's evidence fails to provide a sufficient evidentiary basis to allow us to estimate any such expenses. See id. Consequently, we sustain respondent's denial of petitioner's deduction for office and postage expenses.

### B. Tax Preparation Fees

Section 212(3) allows a deduction for costs incurred in the preparation of a tax return. Hughes v. Commissioner, T.C. Memo. 2008-249. Petitioner claimed a $150 deduction for tax return preparation fees. Like many of the other deductions here in dispute, petitioner was unable to substantiate payment of this expense. Nevertheless, we accept his testimony and find that in 2007 he paid a return preparer $150 to prepare his 2006 Federal income tax return. Our finding on this item, however, will have no consequence because after taking into account the

disallowances of all of the other miscellaneous itemized deductions here in dispute the amount allowed for return preparation fees will not exceed 2% of petitioner's adjusted gross income. See sec. 67(a).

### C. Other Expenses

#### 1. Investment Advisory Fees and Subscriptions

Petitioner claims a $199 deduction for investment advisory fees and subscriptions. The deduction was disallowed for lack of substantiation. According to petitioner, this expense was incurred on behalf of ACM. Petitioner did not present any records to substantiate the deduction, and there is no evidence in the record that would allow us to estimate the amount of the deductible expense. See Vanicek v. Commissioner, 85 T.C. at 743. Consequently, respondent's determination with respect to the investment advisory fees and subscriptions expense is sustained.

#### 2. Certain Legal and Accounting Fees

Petitioner claims a $600 deduction for certain legal and accounting fees. The deduction was disallowed for lack of substantiation. At trial petitioner failed to present any evidence to explain, much less substantiate, the amount so deducted. Petitioner is not entitled to a deduction for certain legal and accounting fees.

### 3. Depreciation on Home Computer and Office Equipment

Section 167 allows a depreciation deduction for property used in a trade or business or held for the production of income. Sec. 167(a).

Petitioner claims a $460 deduction for depreciation on items in his home office. The deduction was disallowed for lack of substantiation. According to petitioner, this expense was incurred primarily on behalf of ACM, but it appears that a portion of the depreciation deduction relates to Vistar, even though Vistar provided him with an office. Petitioner did not substantiate the bases of the items in his home office, nor could he remember how the depreciation deduction was calculated. Consequently, respondent's determination with respect to the depreciation deduction for computer and office equipment is sustained.

## II. Accuracy-Related Penalty

Section 6662(a) imposes a penalty of 20% of the portion of the underpayment of tax attributable to the taxpayer's negligence, disregard of rules or regulations, or substantial understatement of income tax. Sec. 6662(a) and (b)(1) and (2).[5] "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, including any failure to keep adequate books and records or

---

[5]In this case, the deficiency, the underpayment, and the understatement of income tax are all computed in the same manner. See secs. 6211, 6662(d)(2), 6664(a).

to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A "substantial understatement" includes an understatement of income tax that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See Higbee v. Commissioner, 116 T.C. at 447; see also Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Petitioner claimed deductions on his return for expenses that he is unable to substantiate. Furthermore, the underpayment of tax required to be shown on that return is a substantial understatement of income tax because the understatement exceeds $5,000. See sec. 6662(b)(2), (d)(1); sec. 1.6662-3(b)(1), Income Tax Regs. Respondent's burden of production under section 7491(c) has been satisfied.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Under certain circumstances, a taxpayer's reliance upon professional advice may establish the taxpayer's "reasonable cause" and "good faith" with respect to an underpayment of tax if the taxpayer establishes that: (1) the professional was provided with complete and accurate information, (2) an incorrect return was a result of the preparer's mistakes, and (3) the taxpayer demonstrates good-faith reliance on a competent professional. See Estate of Goldman v. Commissioner, 112 T.C. 317, 324 (1999), aff'd without published opinion sub nom. Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000); see also Neonatology Assocs. P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Although petitioner's return was prepared by a paid income tax return preparer, petitioner has failed to establish that he provided his return preparer with complete and accurate information. According to petitioner, the return preparer

did little more than transfer information to the return from a spreadsheet petitioner had prepared. Accordingly, petitioner failed to establish that he acted in good faith with respect to any portion of the underpayment of tax and that any portion of the underpayment is due to reasonable cause. Petitioner is liable for the section 6662(a) accuracy-related penalty, and respondent's imposition of that penalty is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.